THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TOM KERESTES, Defendant-Appellant.

Third District   No. 75-131

Opinion filed May 28, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Frank Yackley, State's Attorney, of Ottawa (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Tom Kerestes appeals from a judgment of the La Salle County Circuit Court following a plea of guilty to five counts of burglary pursuant to which he was sentenced to five concurrent terms of 2 to 6 years in the penitentiary. On appeal in this court, defendant contends that he did not understand the nature of the charge underlying one of the counts and that no factual basis appears in the record to support that count.

From the record it appears that Kerestes, who was 17 years of age, had no previous record and was arrested with a companion concerning a series of burglaries at schools in La Salle, Livingston and Grundy Counties. As a result of the burglaries, defendant was indicted in La Salle County on four counts of burglary and one count of criminal damage to property exceeding $150. He was also indicted in Livingston County on two counts of burglary and one count of criminal damage to property exceeding $150, and in one count of criminal damage to state-supported property. He also was indicted in Grundy County on two counts of burglary and one count of criminal damage to property and one count of theft.

The pending charges in Livingston and Grundy Counties were transferred to La Salle County under the authority of section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—2(b)). As a result of plea negotiations, Kerestes agreed to plead guilty to five of the burglary counts, three of those from La Salle and one from each of the other counties, in exchange for the promise of the State to dismiss the remaining charges.

In four of the five burglary counts to which defendant agreed to plead guilty, it was alleged that he broke into and entered various school buildings with intent to commit theft. In the fifth count contained in the La Salle County indictment, it was alleged that he had broken in and entered with intent to commit criminal damage to property in excess of $150. Reading of indictments was waived at the arraignment and the indictments were never again read in open court. While the court did not read the charges to defendant at the plea hearing, defendant Kerestes

responded affirmatively when the court at that time asked him if the charges had been read to him. Defendant was also asked by the court to relate his understanding of each of the five counts. When he got to the count of the La Salle indictment (Count V), defendant said that he and a friend broke into the school to get some money. Later, in recitation of facts, the State's Attorney supported that count by describing the defendant's confession to the police in which he also said the purpose of the breakin was to obtain money. Defendant Kerestes now argues that the record affirmatively shows his misunderstanding of the nature of the charge in such count and further that the factual basis provided by the State's Attorney does not in fact support the burglary charge in the count.

Supreme Court Rule 402, which pertains to pleas of guilty, requires that the trial court ascertain that a defendant understands the nature of the charge to which he is pleading guilty and to determine that there is a factual basis for the plea (Ill. Rev. Stat. 1975, ch. 110A, par. 402). It appears from the record that defendant's understanding of Count V to which we have referred and the State's factual basis therefor rested on the charge of burglary with intent to commit theft, while the language of the indictment charged burglary with intent to commit criminal damage to property. Defendant actually pleaded guilty to a crime equivalent to, but different from the crime charged, and the evidence showed that he did commit such crime. The issue appears to be rather insignificant in itself, particularly in the context of the four other guilty pleas to similar burglary charges which are not under attack. The element of intent is an essential part of the crime of burglary which must be properly alleged and proved. The general term "burglary" covers several different crimes, each one an unauthorized breaking and entering with intent to perform a different felony or theft.

To remand this case, with directions to allow defendant to plead over as to the count under consideration, would either result in defendant determining to plead guilty or the prosecutor reindicting defendant Kerestes on a charge of burglary with intent to commit theft, to which charge defendant has already confessed and pleaded guilty. Neither result would change the situation in any significant respect, nor do we believe that the defendant's sentence would be any different if based only on four convictions instead of five.

■■ The situation with which we are confronted, we believe, is best handled by an approach not suggested by either of the parties. The element of intent must, absent a confession, be shown purely by circumstantial evidence. *(People v. Coolidge* (1963), 26 Ill. 2d 533, 536, 187 N.E.2d 694; *People v. Brandy* (1st Dist. 1974), 22 Ill. App. 3d 687, 690, 318 N.E.2d 70; *People v. Chambers* (3d Dist. 1973), 15 Ill. App. 3d 23, 303 N.E.2d 24; *People v. Morris* (1st Dist. 1972), 7 Ill. App. 3d 1055,

1057, 289 N.E.2d 73.) Where burglary with intent to steal is charged, the alleged intent may be shown by proof that a theft did occur on the premises entered. *(People v. Underhill* (1967), 38 Ill. 2d 245, 253, 230 N.E.2d 837, *cert. denied,* 391 U.S. 912; *People v. McMullen* (1948), 400 Ill. 253, 255, 79 N.E.2d 470, *cert. denied,* 335 U.S. 831.) We think this rule could be expanded to cover other types of burglary generally and conclude that where intent to perform a specific crime is charged as an element of burglary, that intent may be shown circumstantially by proof that the crime in fact was committed on the premises.

Defendant's confession to the police, related by the State's Attorney, in the cause before us, showed deliberate destruction of property by defendant and his companion while they were in the Otter Creek School (involved in the La Salle indictment, Count V). While the stated intent was to find money, the confession would also allow the inference that Kerestes and his friend entered the school with the further intention of doing some damage to the property therein. The fact that one specific intent is clearly shown does not preclude proof of another. *(People v. Coolidge* (1963), 26 Ill. 2d 533, 537, 187 N.E.2d 694.) The intent alleged in Count V was thus established by circumstantial evidence in that Kerestes confessed doing the damage to police and admitted the same in open court. This could be relied upon by the trial court in accepting defendant's plea of guilty to that particular count.

■■■ Another basis for affirmance is clearly established in this case as contended by the prosecution. In the case of *People v. Robinson,* 63 Ill. 2d 141, 146, 345 N.E.2d 465, 467, the court stated that "[w]hen a defendant is represented by counsel and enters a plea of guilty pursuant to a plea agreement, it is appropriate to inform him of the nature of the charge by naming the offense. Under these circumstances, the record reflects substantial compliance with Rule 402(a)(1). We will not set aside a judgment entered on such plea of guilty absent an allegation and proof of prejudice." This observation is directly applicable to the case with which we are concerned. Here a voluntary plea agreement was entered and defendant and his attorney signed the plea agreement, including a recommendation for a 2- to 6-year term on each count to run concurrently. At arraignment, the defendant who was represented by counsel received a copy of the indictment and waived formal reading. At the hearing on the guilty plea the defendant explained in open court his understanding of the charge in Count V of the indictment and was given an ample opportunity to ask questions and indicated he completely understood the charge. Defendant now on appeal does not contend that he was prejudiced by reason of deficient information concerning the nature of the charge nor does he contend that his attorney inadequately represented him. He does not contend that he is not guilty of the offense

to which he pleaded guilty. As indicated in *People v. Robinson,* defendant should be bound by his own agreement since it was made freely, voluntarily and with the assistance of competent counsel. There was no proof of prejudice to defendant and, consequently, the judgment entered herein should be affirmed.

Under the circumstances, therefore, we see no need to allow defendant to plead again to the charge in question. The judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur.