THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY V. VALDERY, Defendant-Appellant.

Third District   No. 75-213

Opinion filed August 31, 1976.

Robert Agostinelli and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Alan Bruggeman, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant appeals from a judgment of conviction for the offense of armed robbery. He was found guilty at the close of a trial by jury and was sentenced to not less than four nor more than 12 years. Defendant seeks a reversal and remandment for a new trial on three grounds: (1) alleged denial of representation by counsel where the sole basis for refusing court-appointed counsel was because he posted bail with funds borrowed from members of his family; (2) improper waiver of counsel; (3) alleged denial of his right to compulsory process. We are primarily concerned with the action of the trial court in failing to appoint counsel for defendant in this action.

Valdery was indicted on May 16, 1974, and bail was set at $35,000. On May 21, 1974, the public defender was appointed to represent the defendant because of his indigency. On June 19, 1974, Valdery posted bail and was released from custody. Subsequently the public defender

filed a motion for re-examination of the defendant's indigency on the grounds that he had been able to raise $3,500 to post bail. A hearing on that motion was held on June 28, 1974, and the following discussion took place:

"The Court: You put up $3,500 bond?

The Defendant: My people did.

The Court: Well the opinion of the court is that any man who can borrow or raise $3,500 for bail is not an indigent person. So on examination of indigence, the court finds that the defendant is not indigent, and the appointment of the Public Defender is vacated. You will have to get yourself a lawyer, Mr. Valdery."

On September 3, 1974, Valdery appeared in court and requested a continuance in order to retain counsel, and told the court that his brothers and sisters would not let him use the bond money to pay a lawyer. On September 16, 1974, the defendant appeared again without counsel, and advised the court he had just started working and was only able to raise $109, but every lawyer wanted at least $1500 to take the case.

On September 27, 1974, the State moved to have counsel appointed for Valdery and advised defendant the case was set for trial on October 28, 1974. The motion for appointment of counsel was denied and defendant was warned, "Now you are either going to get yourself a lawyer or you are going to try the case yourself."

Valdery again appeared in court on October 28, 1974, but without counsel and claimed to be without money to hire one. Later that afternoon the State requested that the bail for Valdery be reduced to $25,000 so that Valdery could take $1,000 of the money posted to retain a lawyer. The court again continued the case for trial, and on October 30, 1974, Valdery reported that his mother had agreed to the State's proposal, but his brother had refused to allow him to use the bail money to pay a lawyer.

The defendant proceeded to trial *pro se.* The State presented two eyewitnesses to the armed robbery who identified defendant and described a tatoo of a cross on the defendant's forehead and a tatoo resembling a heart on the defendant's arm. The defendant presented alibi evidence that he was in Louisiana with his father and two brothers on the date of the offense. The defendant testified as well as his mother and two sisters. The defendant did not call any witnesses from Louisiana. The jury returned a verdict of guilty after deliberating for two hours.

■■ In *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, the United States Supreme Court held the sixth amendment's guarantee of counsel for indigent defendants to be a fundamental right, essential to a fair trial, and thus made obligatory on the States by the fourteenth amendment:

"[R]eason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." (372 U.S. 335, 344, 9 L. Ed. 2d 799, 805, 83 S. Ct. 792, 796.)

The overwhelming weight of authority indicates that the right to counsel is one of the most fundamental rights known to our system of criminal justice and that, if the system must bend in any direction, it must be in favor of the implementation of that right.

A number of cases have held that the fact that an accused succeeded in obtaining his release on bail does not conclusively determine his nonindigency for the purpose of appointment of counsel.

In *People v. Eggers* (1963), 27 Ill. 2d 85, 188 N.E.2d 30, it was held that the trial court committed reversible error where an attorney was not appointed for defendant solely because defendant had spent $350 for a bail bond. The State attempts to distinguish *Eggers* since the bail bond statute has been changed; yet in January of this year the supreme court issued a supervisory order in *People ex rel. Baker v. Power* (1975), 60 Ill. 2d 151, 330 N.E.2d 857, where court-appointed counsel had been denied because the defendant was at liberty on bail. Specifically citing *Eggers*, the court vacated the trial court's order denying appointed counsel and ordered a hearing to determine whether the petitioner was indigent and qualified for appointment of counsel "without regard to petitioner's release on bail." 60 Ill. 2d 151, 152.

The A.B.A. Standards Relating to Providing Defense Services §6.1 (1968), cites *Eggers* in support of its recommendation that "Counsel should not be denied to any person merely because his friends or relatives have resources adequate to retain counsel or because he has posted or is capable of posting bond."

In a related case, although the United States Supreme Court was not required to decide the question of appointment of counsel, it was nevertheless stated, in a concurring opinion, that the fact that a defendant may be able to muster enough resources of his own or of a friend or relative, to obtain bail does not in itself establish his nonindigence for the purpose of purchasing a complete trial transcript. *Hardy v. United States* (1964), 375 U.S. 277, 11 L. Ed. 2d 331, 84 S. Ct. 424, *modification denied*, 376 U.S. 936, 11 L. Ed. 2d 657, 84 S. Ct. 790.

Here the trial judge denied court-appointed counsel solely because funds were on deposit with the circuit clerk. We recognize that the trial judge was correct in asserting that present Illinois law provides that only the defendant may execute the bail bond (Ill. Rev. Stat. 1975, ch. 38, par. 110—7(a)), but that does not establish that a cash deposit requires the court to find the defendant nonindigent and thus not eligible for court-

appointed counsel. The position that bail funds are to be counted among defendant's assets was rejected in *People v. Dabbs* (4th Dist. 1974), 24 Ill. App. 3d 252, 321 N.E.2d 185.

Nothing in the various bail provisions mandates that a person who has made funds available for deposit on an accused's bond also has necessarily dedicated the funds to use for counsel fees.

The State's position would discourage potential benefactors from making bond deposits for trustworthy defendants. If the General Assembly intended to transmute bond money into counsel fee money for otherwise indigent defendants, it could have done so without any uncertainty. Such an interpretation by the trial court is not a rational extension of the legislation as enacted; on the contrary, it chills the statute's overriding concept and spirit to sub-zero standards.

In *People v. Whitney* (3d Dist. 1974), 24 Ill. App. 3d 685, 321 N.E.2d 317, in an unpublished opinion, this court reversed the defendant's conviction because of failure to appoint counsel where the record showed that the defendant possessed a minimal amount of assets without any demonstrable source of income. In reaching that decision, this court held that the determination as to the defendant's indigency should be made by the trial court on the basis of as complete a financial picture as is feasible and the court should give consideration to the fact that the defendant need not be totally devoid of means to be indigent, it being sufficient if he lacks the financial resources on a practical basis to retain a competent attorney to represent him.

■■ It is obvious that counsel would have been of great value to defendant at the pre-trial stage and certainly during his jury trial. While we recognize the difficulties a trial judge faces in situations of this kind, in view of the record before us, we believe that the trial court in this cause did not properly exercise its discretion and that the failure to appoint counsel for defendant constituted reversible error. Here, the trial judge on remand should secure information as to Valdery's present actual financial status, independent of bail money loaned to him by others, before deciding whether he qualifies for court-appointed counsel.

We are aware that in many cases the funds deposited for bail are unconditionally the defendant's for use by him in retaining counsel. Had that been true here, the ruling of the trial court would have been appropriate. The other issues raised in this cause we need not discuss in view of our disposition of this appeal. This cause is therefore reversed and remanded to the trial court with directions to vacate the judgment in this cause and to appoint counsel for defendant, if he lacks funds to retain an attorney.

Reversed and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.