THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH P. MARETTI, Defendant-Appellant.

Fifth District    No. 76-313

Opinion filed July 3, 1978.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and James L. Van Winkle, research assistant, of George Washington University, of St. Louis, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE FRIEDMAN delivered the opinion of the court:
Defendant pleaded guilty to a charge of battery and was sentenced to a

two-year term of probation. Upon motion of the State, that probation was revoked and defendant was sentenced to nine months' imprisonment. He appeals on the grounds that he was improperly denied counsel, that a trial judge improperly recused himself, and that the trial court considered improper evidence in resentencing him.

The first petition to revoke probation filed by the State charged defendant with speeding and with failing to pay the fine and costs imposed as part of the probation order. A subsequent petition charged him with failing to report a change of address to his probation officer and with operating his motorcycle on a public street without proper registration.

At the first appearance hearing on the petition, the defendant requested the appointment of counsel. While the record does not disclose a completed affidavit of indigency form, it is clear that the court elicited the same information in open court. There, defendant disclosed his ownership of a 1975 Plymouth automobile which was encumbered in the amount of $750, ownership of a motorcycle valued at $2,200, on which there was no lien, and income from unemployment compensation. Defendant was supporting his ex-wife and daughter. The trial court refused to appoint counsel and suggested that defendant sell the motorcycle or use it as security to obtain the funds necessary to employ counsel. At two subsequent hearings, the trial court refused to appoint counsel for defendant, directing him instead to attempt to secure counsel using the asset available to him. Defendant refused to part with or encumber his motorcycle and represented himself at the revocation hearing.

■■ The Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 101—1 *et seq.*) provides that indigent defendants shall have counsel appointed for them if they so desire and the charge or charges against them could result in imprisonment. (Ill. Rev. Stat. 1975, ch. 38, par. 113—3(b).) There is no question but that this section is applicable here. The sole question is whether defendant was in fact indigent. *People v. Losacano* (1975), 29 Ill. App. 3d 103, 329 N.E.2d 835.

We agree with defendant that there is no requirement that a criminal defendant be completely without funds before counsel may be appointed for him. (*People v. Miller* (1974), 23 Ill. App. 3d 149, 318 N.E.2d 739.) However, in cases where defendant has some assets available and, like defendant here, has some funds with which to support his family, indigency for such persons becomes a matter of degree within the sound discretion of the trial court. We find no abuse of that discretion here. Defendant could have sold or encumbered his motorcycle and still had transportation and sufficient income to support his family.

At the second hearing prior to revocation, a different trial judge heard

defendant's renewed motion for appointment of counsel. That same judge then decided the petition to revoke probation. In denying the appointment of counsel at the second hearing, the trial judge said:

"Well, I will tell you right now I agree with Judge Slater so that this as far as I am concerned is what my ruling would have been upon request for counsel. *Now, I am going to direct and as far as I am concerned it will have to be taken before another judge,* I am going to find that you are still not indigent and I am going to order that since you have got that motorcycle I think you have got more than enough security." (Emphasis added.)

Defendant argues that this language constituted a recusal so as to prohibit that judge from deciding the merits of the petition.

■■ We have been able to find no authority that would guide us in determining what language effectively constitutes a recusal. However, on the face of the statement above, we are of the opinion that no recusal was made or intended. Judge Beane simply agreed with Judge Slater and informed the defendant that he would have to find another judge to grant his petition for the appointment of counsel; he would not do so.

Finally, defendant argues that the trial court considered his conduct during probation in determining the sentence imposed on the probation revocation. This contention is bottomed on the following excerpt from the sentencing hearing where the court stated:

"All right, let the record show the following: *that the court has considered the evidence received upon the trial which in this instance consisted of evidence that was presented at the revocation hearing,* also what, if any evidence there was ın the plea of guilty to the charge of battery which was what he was placed upon probation for, that I have considered the presentence report and I am taking into consideration that report in passing sentence upon this defendant in this cause, that I have considered the evidence and other information offered by both the State and by the defendant in aggravation and mitigation and I have heard the sentencing alternatives presented both by the State and by the defendant, however the defendant was given ample opportunity to make an argument and his only statement was I just want to be left alone and when asked whether he had any further statement to make and he said no." (Emphasis added.)

■■ It has long been held that at a sentencing hearing following the revocation of probation it is improper for the trial court to commingle consideration of the circumstances of the underlying offense with the events leading to the revocation itself. (*People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309.) The trial judge here clearly considered both the original offense and the facts proved by the revocation petition

and sentenced the defendant to nine months' imprisonment. We must reverse the sentence on that ground.

The original offense of battery grew out of a physical attack not resulting in any serious injury to the victim. In reversing the sentence imposed, we therefore reduce the defendant's sentence to 62 days' imprisonment which constitutes the time served by him before his release on bail pending appeal.

Affirmed in part; reversed in part.

G. J. MORAN, and JONES, JJ., concur.