THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOLLIE CASTILE, Defendant-Appellant.

First District (1st Division)    No. 78-1325

Opinion filed May 7, 1979.

James J. Doherty, Public Defender, of Chicago (Robert T. Badesch, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Kathleen Warnick, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Following a bench trial, the defendant Dollie Castile was convicted of the offense of aggravated assault (Ill. Rev. Stat. 1977, ch. 38, par. 12—2(a)(1)) and sentenced to probation for a term of one year, the first 10 days to be served in the House of Correction. Defendant appeals, contending that it is reversible error for the trial court to have denied her representation by a public defender.[1]

We agree.

The defendant was arrested and charged with committing aggravated assault on May 2, 1978, at 8:30 p.m., outside of a tavern in the vicinity of 3400 West Madison Street, Chicago, by firing a gun at Charles Boyce. She posted a cash bond of $100.

At trial, the defendant appeared without an attorney and answered ready for trial. The trial court asked if she wanted a public defender and the State objected on the ground that defendant had her own business. Defendant told the judge that she could not afford a lawyer because she was separated from her husband and that she was trying to run a business to make a living for her three teenaged children. The judge advised her that he would not appoint a public defender, stating, "[i]t's not fair to people who are unemployed and on relief to give somebody who is in business for themselves and has a cash bond a public defender." He offered her "a lawyer that will work for the bond" money. The defendant replied, "I can't afford it—I have three teenagers." The judge asked her

---

[1] Had the term of incarceration not been imposed, defendant's claim for appointed counsel could not be raised. *Scott v. Illinois* (1979), ___ U.S. ___, 59 L. Ed. 2d 383, 99 S. Ct. 1158.

not to repeat herself, and asked if she wanted a lawyer to represent her or represent herself, whereupon the defendant stated, "I wish to represent my own self."

The complainant, Charles Boyce, testified on behalf of the State and defendant cross-examined him. The State then rested, subject to the right to call two additional witnesses, and the judge advised defendant that she could present her defense. She denied chasing or shooting at the complainant. The State presented its two witnesses in rebuttal, but defendant did not cross-examine them. The complainant was also recalled as a rebuttal witness and the defendant again cross-examined him. The judge found the defendant guilty, but the defendant protested that he had not heard her story yet. He then permitted defendant to speak again, whereupon she denied shooting at the "young man." The judge repeated his finding of guilty and sentenced her.

The record also indicates that after the defendant was sentenced, a hearing was held before another judge to determine her right to appointed counsel on appeal and counsel was appointed.

■▌ Defendant contends that the trial court erred in denying her representation by a public defender solely because she had her own business and had posted a $100 cash bond. Our supreme court has held that a trial court commits reversible error where it refuses to appoint counsel on the ground that the defendant is at liberty on bail, without making a determination as to the defendant's indigency or without a stated rejection of the public defender by the defendant. (*People v. Eggers* (1963), 27 Ill. 2d 85, 188 N.E.2d 30; *People ex rel. Baker v. Power* (1975), 60 Ill. 2d 151, 330 N.E.2d 857.) The determination as to a defendant's indigency should be made on the basis of as complete a financial picture as is feasible and the trial court should give consideration to the fact that a defendant need not be totally devoid of means to be indigent, it being sufficient if she lacks the financial resources on a practical basis to retain counsel to represent her. (*People v. Valdery* (1976), 41 Ill. App. 3d 201, 354 N.E.2d 7.) A determination of ability to pay must include a balancing of assets against liabilities and consideration of a defendant's income. *People v. Wright* (1976), 41 Ill. App. 3d 364, 353 N.E.2d 711; Ill. Rev. Stat. 1977, ch. 38, par. 113—3(b). Compare Supreme Court Rule 298, Ill. Rev. Stat. 1977, ch. 110A, par. 298.

■ In the instant case, the defendant stated to the court that she could not afford to pay the bond money to a lawyer and gave her reasons for the statement. The court acknowledged by asking her not to repeat her basis. However, an examination of the record shows that the trial court made no inquiry into the defendant's financial status. The factual question of defendant's ability to afford counsel was unresolved. Further, the record shows that counsel was appointed to represent the defendant on appeal.

It is the conclusion of this court, therefore, that the trial court did not properly exercise its discretion in denying the defendant representation by a public defender.

The judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded.

GOLDBERG, P. J., and CAMPBELL, J., concur.