THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ANTHONY W. JOHNSON, Defendant-Appellant.

Third District No. 81-456

Opinion filed April 30, 1982.—Modified opinion filed September 24, 1982.

*Robert Agostinelli* and *Thomas A. Lilien*, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

An indictment filed in the circuit court of Peoria County charged the defendant, Anthony W. Johnson, with robbery and burglary. It alleged that on November 12, 1980, the defendant broke into the residence of Kathy Otten of Peoria, bound her hands and feet, and forcibly took items worth more than $5,000. Following a jury trial, the defendant was found guilty of both charges. In addition to sentencing the defendant to concurrent five-year terms of imprisonment, the court also ordered him to pay restitution to Otten in the amount of $265, which was to be deducted from his $2,500 bond. The only issue raised on review is whether the court sufficiently determined the defendant's financial capacity prior to ordering restitution. We find that the court failed to do so. We therefore vacate the restitution order and remand for further proceedings.

Section 5—5—6(a) of the Unified Code of Corrections provides that where restitution is contemplated:

> "A pre-sentencing hearing shall be held to assess the financial capacity of the defendant to make restitution as well as to determine the amount and conditions of payment at the court's discretion." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—6(a).)

The defendant, relying upon *People v. Krug* (1981), 97 Ill. App. 3d 938, 424 N.E.2d 98, argues that the court erred in the instant case because it failed to conduct a separate, formal "pre-sentencing hearing" to assess his financial capacity, which he claims *Krug* made mandatory. On the other hand, the State points to *People v. Abraham* (1980), 89 Ill. App. 3d 786, 412 N.E.2d 45, where this court specifically ruled that the question of whether to hold such a hearing lies within the discretion of the circuit court. Both parties are correct in part.

We agree with *Abraham* that the decision to hold a section 5—5—6(a) "pre-sentencing hearing," which is separate and distinct from the primary sentencing hearing, is discretionary, not mandatory. To impose the duty of holding a separate sentencing hearing only to determine a defendant's financial condition would not only add a duplicative proceeding, prodigal of scarce judicial resources, but also would give the defendant very little additional protection. Moreover, the defendant's reliance on *Krug* in support of his argument that a presentencing hearing must be separately held is misplaced. In *Krug* we remanded the restitution order because the court

failed to make any findings on the defendant's future ability to make restitution. In fact the record in *Krug* suggested that the court imposed restitution *sua sponte* after adjournment of the sentencing hearing.

Nevertheless, as we held in *Krug*, section 5—5—6(a) makes mandatory the determination of the defendant's financial status before imposing restitution. If the court declines to hold a separate hearing for this purpose, then it must make the finding during the formal sentencing hearing. The record must disclose some evidence of substantial compliance with the statutory requirement that the defendant's financial status has been considered by the court in imposing restitution as part of the sentence.

Here, as in *Krug*, the court failed to find a satisfactory basis for ordering restitution. At the sentencing hearing the parties exclusively argued whether the defendant should receive a term of imprisonment, and if so, how long was the term to last. Neither the defendant's appointed counsel nor the assistant State's Attorney discussed the defendant's financial status with respect to his ability to pay restitution. Upon ordering restitution, the court referred to no facts or circumstances suggesting the defendant's ability to pay. Similar to *Krug*, the court here apparently ordered restitution *sua sponte*. The absence of any basis in the record upon which the court could have ordered restitution resulted in prejudicial error.

■■ The State argues that in fact the court had before it the evidence necessary to assess his financial capacity to pay restitution because of the information contained in the presentence report. The report, which the court considered before imposing sentence, showed that the defendant, who was 19 years old, lived with his mother, paid no rent to her, and earned about $30 to $40 monthly from odd jobs. The State concludes that this data provided a sufficient factual basis for the court to have properly concluded that the defendant did indeed have the financial ability to make restitution. We cannot agree. We believe section 5—5—6(a) requires a court to state for the record that it has considered the factual basis upon which it has concluded that the defendant has the financial capacity to make restitution. Examples of sources from which the court may draw its facts include the presentence report, evidence presented at the sentencing hearing, and the defendant's statement of assets and liabilities.

■■ Finally, the State argues that even assuming the court erred in not providing a factual basis for its order of restitution, the error was harmless because the $265 restitution award was deducted from the $2,500 cash bond, an asset placed before the court by the defendant. Had the court inquired into whether the bond money was actually the defendant's, we might agree. However, the court simply assumed that the money was his. As the supreme court noted in *People v. Cook* (1980), 81 Ill. 2d 176, 407 N.E.2d 56, the ability to post bail does not necessarily indicate a de-

fendant's financial ability to pay restitution or reimbursement. Often bail is posted with borrowed money or by relatives or friends. To presume that the defendant has the financial capacity to make restitution on the basis of his posting bail, without any additional evidence, is contrary to section 5—5—6(a).

Our decision to remand the restitution order today should not be considered as an ultimate rejection of restitution in the case at bar. The facts clearly indicate that the victim suffered a great monetary loss, in addition to undergoing a terrifying ordeal. Before imposing restitution, however, the court must determine whether the defendant has the ability to pay it. Here the court apparently made no such finding.

For the foregoing reasons, we affirm the judgments of conviction and the concurrent five-year terms of imprisonment entered in the circuit court of Peoria County, and we vacate and remand the order of restitution for the court's reconsideration consistent with the views expressed herein.

Judgment affirmed, sentence affirmed in part, and remanded in part.

SCOTT, P. J., and STOUDER, J., concur.