THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD P. MORRISON, Defendant-Appellant.

Third District   No. 82—620

Opinion filed April 29, 1983.—Rehearing denied June 7, 1983.

BARRY, J., dissenting.

Robert Agostinelli and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Richard Morrison, was convicted of residential burglary, sentenced to a term of incarceration and ordered to pay restitution. The defendant appeals his conviction, alleging that the State failed to prove the requisite intent. He also argues that the court committed error in denying him court appointed counsel and in ordering restitution. We affirm his conviction, but remand for a new sentencing hearing.

The defendant had in his possession property taken from the apartment leased by Jeffrey Loser. The defendant had lived with Loser in this apartment in 1981, but was not living there at the time of the theft. The defendant testified that he stopped by the apartment and saw a note ordering the tenants to vacate the apartment. He called out for Loser but Loser was not at home. The defendant got a van and returned to the apartment to remove clothing he had left there and some furniture belonging to his brother. As he retrieved his clothing and his brother's furniture, he also took the property that belonged to Loser.

The defendant argues that the State failed to prove beyond a reasonable doubt that he possessed the requisite intent. In order to sus-

tain a residential burglary conviction, the State must prove that the defendant possessed the intent to commit a theft at the time of his unauthorized entry into the victim's dwelling. (*People v. Vallero* (1978), 61 Ill. App. 3d 413, 378 N.E.2d 549.) The defendant contends that the facts of the case demonstrate that it was his intent only to retrieve his clothing and the furniture when he entered Loser's apartment.

█ "Where burglary with intent to steal is charged, the alleged intent may be shown by proof that a theft did occur on the premises entered." (*People v. Kerestes* (1976), 38 Ill. App. 3d 681, 684, 348 N.E.2d 274, 276.) Whether the requisite intent existed is a question for the trier of fact. (*People v. Blair* (1971), 1 Ill. App. 3d 6, 272 N.E.2d 404, *aff'd* (1972), 52 Ill. 2d 371, 288 N.E.2d 443.) The decision of the fact finder will not be overturned on appeal unless the evidence is palpably contrary to the verdict or so unreasonable, improper or unsatisfactory as to create a reasonable doubt of guilt. *People v. Zuniga* (1981), 99 Ill. App. 3d 396, 425 N.E.2d 1094.

We find sufficient evidence in the instant case to support the defendant's conviction. The defendant stated at trial that his intent in entering the apartment was to recover property belonging to himself and his brother. However, at the time of his arrest the defendant stated that he went to Loser's apartment to collect money Loser owed him. The defendant testified also that he had a van and intended to remove his brother's furniture from the apartment, but at the time of the incident, the defendant was in a body cast as a result of an accident at a railroad crossing. The defendant entered the apartment after determining that Loser was not at home. Finally, the defendant, while wearing articles of Loser's clothing, met Loser shortly after the burglary, but gave no explanation for his possession of Loser's clothing and made no offer to return these items.

The defendant's testimony was implausible and was substantially impeached. It cannot be said that the evidence was so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of the defendant's guilt. His conviction is therefore affirmed.

█ The defendant alleges as his second issue on appeal that the court erred in denying him appointed counsel. We agree. The State argues that the loan the defendant obtained in order to post bail bond was sufficient to find the defendant not indigent. The loan in question was secured by the defendant's only asset, a 1973 Ford Mach I. The defendant also had no income at the time of his hearing to determine indigency and was living with relatives.

Where the defendant has some assets or funds available, the determination of indigency is left to the sound discretion of the court. (*People v. Wood* (1980), 91 Ill. App. 3d 414, 414 N.E.2d 759.) To be considered indigent, a defendant need not be totally devoid of funds, it being sufficient if the defendant lacks the financial resources on a practical basis to retain counsel. (*People v. Castile* (1979), 71 Ill. App. 3d 728, 390 N.E.2d 426.) In *People v. Whitney* (1974), 24 Ill. App. 3d 685, 321 N.E.2d 317, discussed by this court in *People v. Valdery* (1976), 41 Ill. App. 3d 201, 354 N.E.2d 7, the defendant was a student with no source of income and only an old automobile and a small amount of cash as assets. In *Whitney* this court reversed the defendant's conviction because of failure to appoint counsel based on the defendant's financial status. The defendant in the instant case had no source of income and only a 1973 auto for assets.

■ The question of indigency in a case such as this presents a difficult situation for resolution by a trial court. However, the issue of appointment of counsel must be decided with an eye toward protection of the rights of the accused from any impairment. (*People v. Cole* (1968), 97 Ill. App. 2d 22, 239 N.E.2d 455.) We find that because the defendant was indigent, it was error for the trial court to deny him appointed counsel. However, the defendant was ably represented at trial by a private attorney. The error by the trial court is therefore irremedial, and the issue of reimbursement is moot.

■ The defendant also asserts error in the failure of the trial court to determine the defendant's ability to pay restitution before ordering him to so pay. Section 5—5—6 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—6), provides:

"If restitution is part of the disposition, the defendant shall make restitution to the victim in accordance with the following:

(a) A pre-sentencing hearing shall be held to assess the financial capacity of the defendant to make restitution as well as to determine the amount and conditions of payment at the court's discretion."

The decision to hold a separate and distinct sentencing hearing on the issue of restitution is discretionary. (*People v. Johnson* (1982), 106 Ill. App. 3d 171, 435 N.E.2d 799.) Where a separate hearing is not held, a court must make a finding as to the defendant's financial status during the formal sentencing hearing. (*People v. Johnson* (1982), 106 Ill. App. 3d 171, 173, 435 N.E.2d 799, 800.) The record indicates that no finding was made as to the defendant's financial status during the formal sentencing hearing prior to the decision ordering defendant to pay restitution. That portion of the defendant's sentence mandating

restitution must therefore be vacated and remanded for further proceedings. Should the court, after reconsideration, order that restitution be made by the defendant, the proper method of valuation of the articles stolen and not recovered is the fair market value of the articles at the time of the theft. *In re F.D.* (1980), 89 Ill. App. 3d 223, 411 N.E.2d 1200.

For the foregoing reasons, we affirm the judgment of conviction and the four-year term of imprisonment entered in the circuit court of Peoria County. We vacate and remand the order of restitution for the court's reconsideration consistent with the views expressed herein.

Judgment affirmed, sentence affirmed in part, and remanded in part.

SCOTT, J., concurs.

JUSTICE BARRY, dissenting:
Defendant claims that he is entitled to reimbursement for the cost of retaining private counsel and that the basis for that claim is that he was erroneously held not to be indigent. However, it is undisputed in the record that defendant had title to a car with a bank evaluation of $1,895, and that, using the car as collateral, he was able to obtain a bank loan of $1,500 which he used to post a bail bond. By his own admission, the car and the cash were his own. Defendant has also indicated in the trial court that he had employment beginning four days after the indigency hearing and that he had counsel handling a claim for damages for a permanent disability resulting from being struck by a train. This, therefore, is a case where the defendant admittedly has assets, has no dependents, and has no room-and-board expenses.

The test in such circumstances has been stated as follows:
"[I]n cases where defendant has some assets available and, like defendant here, has some funds *** indigency for such persons becomes a matter of degree within the sound discretion of the trial court. We find no abuse of that discretion here. Defendant could have sold or encumbered his motorcycle." *People v. Maretti* (1978), 61 Ill. App. 3d 762, 763, 378 N.E.2d 342, 344.

It has been held, as the majority notes, that a defendant may be found indigent "if [he] lacks the financial resources on a practical basis to retain counsel to represent [him]." (*People v. Castile* (1979), 71 Ill. App. 3d 728, 730, 390 N.E.2d 426, 427, citing *People v. Valdery* (1976), 41 Ill. App. 3d 201, 204, 354 N.E.2d 7, 9.) In *Valdery*, defendant had no other financial resources except the bail bond posted by

his relatives, and his relatives refused to permit the bond to be assigned for attorney fees. Consequently, defendant appeared *pro se* at his jury trial and was convicted of armed robbery. That conviction was reversed upon appeal and remanded with directions to secure additional information as to the defendant's actual financial status and to appoint counsel if defendant lacked funds to retain an attorney. We were there cognizant of the fact that the trial judge refused to appoint counsel solely because funds were on deposit with the circuit clerk and that the record indicated that those funds were furnished by relatives who refused to allow defendant to use the bail money to hire an attorney. We said:

> "We are aware that in many cases the funds deposited for bail are unconditionally the defendant's for use by him in retaining counsel. Had that been true here, the ruling of the trial court would have been appropriate." *People v. Valdery* (1976), 41 Ill. App. 3d 201, 204, 354 N.E.2d 7, 10.

In the case before us, the funds deposited for bail were unconditionally the defendant's and could be used by him to retain private counsel. In fact, the funds were so used. According to the holding in *Valdery*, the ruling of the trial court in this case was proper, and I believe well within the discretion of the court.

According to the transcript of the record, the trial judge expressly advised defendant to use an assignment of his bail bond for the purpose of retaining counsel. Thereafter, defendant appeared with retained counsel, and the bail bond assignment was executed as authorized by statute. (See Ill. Rev. Stat. 1981, ch. 38, par. 110—7(f).) Clearly, as a practical matter, defendant was not indigent because he did have sufficient financial resources to retain counsel. In my view the trial court did not err in refusing to find indigency under the circumstances, and most certainly no abuse of discretion occurred.

Furthermore, I believe defendant waived this issue by not preserving any objection to the indigency ruling in his post-trial motion. The trial court had no opportunity to consider whether defendant was entitled to reimbursement for his attorney fees, and this court should not permit such a claim for reimbursement to be raised for the first time upon appeal.

I also disagree with the majority as to the question of restitution. According to the record, at the sentencing hearing the court was advised once again that defendant had posted a cash bond which was available for costs, fees, and restitution. Defense counsel also advised the court that defendant had a claim pending for his disabling injury. The majority finds that the trial court erred in not making an express

finding as to defendant's financial status during the sentencing hearing, and relies upon *People v. Johnson* (1982), 106 Ill. App. 3d 171, 435 N.E.2d 799, as authority. The point in *Johnson* was that the record must disclose some evidence of factual basis for finding that defendant was financially capable of making restitution. *Johnson* does not require the recitation of a specific formula, and in fact, in that case we noted that any error would have been harmless if the trial court had inquired into whether the bond money was actually the defendant's. Under the circumstances of this case, where the trial court knew the bond money belonged to defendant, I believe the court had a factual basis for concluding that defendant was able to pay restitution, and by ordering the restitution to be deducted from the bail bond money, the court indicated its consideration of those facts. Accordingly, I would not find error in ordering of restitution here.

Further when the trial court ordered restitution, both the State and defense counsel agreed that the missing property had a value of $203. The items which were missing, according to the victim, were a gold ring, which was about one year old; an electric shaver, which was less than one month old; and three 8-track tapes, about three months old. The difference between market value and replacement cost of these items would be minimal. In the case in *In re F.D.* (1980), 89 Ill. App. 3d 223, 411 N.E.2d 1200, cited by the majority, the court was concerned with the possibility of imposing upon a defendant the effect of inflation by using replacement cost. Because of the short length time between the purchase of the items and the theft, I see little chance that the $203 amount includes any measurable inflationary factor.

In any event, defendant was admonished twice that he had 30 days to contest or refute the restitution order by filing a motion to reconsider. He did not file any motion or make any objection to the restitution order or to the amount. Hence, I would find no error, or if error did occur, that it was waived.

For the reasons stated, I would affirm the judgment of the trial court.