**Richard P. NIKANDER, Petitioner,**

**v.**

**The DISTRICT COURT In and For the FIRST JUDICIAL DISTRICT of the State of Colorado, and Winston W. Wolvington, One of the Judges Therein, Respondents.**

**No. 85SA31.**

Supreme Court of Colorado,
En Banc.

Jan. 13, 1986.

David F. Vela, State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for petitioner.

Nolan L. Brown, Dist. Atty., Mary E. Risko, Sr. Deputy Dist. Atty., Golden, for respondents.

ROVIRA, Justice.

Petitioner, Richard P. Nikander, filed this original proceeding under C.A.R. 21 for relief in the nature of mandamus. He challenges as an abuse of discretion the trial court's finding that he was not indigent and, consequently, that he would not be allowed to proceed *in forma pauperis* on appeal and would not be provided a trial transcript at public expense. We issued a rule to show cause and now make the rule absolute and remand for further proceedings.

In 1981, the petitioner was charged with second-degree murder in Jefferson County. At that time, he was found to be indigent and the respondent trial judge appointed the public defender's office to represent him. Prior to trial, the public defender withdrew, and petitioner was represented by private counsel at trial.

Petitioner was convicted of second-degree murder and sentenced to the Department of Corrections for twelve years. On appeal, he was represented by the public defender. The conviction was reversed, and a new trial was ordered by the court of appeals in August 1983.

In November 1983, the respondent granted petitioner's motion to proceed *in forma pauperis*. A second trial took place in June 1984 which resulted in a mistrial. The petitioner was represented by the public defender. After this trial, the petitioner's bond was reduced and he was able to post bond and thereby obtain his release from custody.

The third trial took place in October 1984 with the petitioner again being represented by the public defender. The jury returned a verdict of guilty of manslaughter. The petitioner was sentenced to the Department of Corrections for a term of four years with credit granted for time served. He was also advised of his right to appeal.

In January 1985, seeking appointed counsel to represent him on appeal, petitioner submitted an Application for Court-Appointed Counsel along with a letter from his employer verifying his weekly income. The letter states that as of December 20, 1984, petitioner "has been put on permanent part time ... due to a slow down in business. [Petitioner] has been assigned to 20 hours or less, per week. [Petitioner] is making $5.00 per hour at this time." The application states that the petitioner is single and his monthly income is $400 and his monthly expenses for rent, food, and medical bills are $350. It also shows that the petitioner owns a 1979 Chevrolet automobile valued at $1,700. A deputy public defender determined that petitioner was eligible for court-appointed counsel and recommended that petitioner's application be granted. § 21–1–103(3), 8 C.R.S. (1978) (determination of indigency shall be made

by the state public defender, subject to review by the court).

On January 14, 1985, after a hearing, the respondent court found that the petitioner was not indigent and therefore not eligible for representation by the public defender on appeal. The respondent terminated the prior appointment of the public defender and refused to authorize the preparation of the trial transcript at public expense.

The petitioner contends that he is eligible for court-appointed counsel because his monthly income falls below the Eligibility Income Guidelines established in Chief Justice Order 84–5.[1] He also claims that without court-appointed counsel and a transcript of the proceedings his constitutional rights of due process and equal protection, which assure an indigent defendant the right to appeal his conviction without invidious discrimination, will be violated.

The respondent in his answer brief urges us to discharge the rule because the petitioner based his monthly income on a workweek of 20 hours or less, there was no evidence that petitioner was incapable of generating additional income beyond the 20 hours, and he indicated "ownership of a 1979 automobile valued at $1,700 which could be given in security for representation."

At the outset, we note that there is no record available of the hearing in which the respondent considered petitioner's request for counsel to represent him on appeal and for a trial transcript. The petitioner attributes the absence of the record to a lack of funds. Thus the facts we rely on are obtained from the petition and answer brief of the respondent along with exhibits attached to the petition.[2]

■ The determination of whether a person is indigent and, therefore, entitled to appointment of counsel and a free transcript for purposes of an appeal rests ini-

tially in the sound discretion of the trial court and is reviewable only for abuse of discretion. However, such a determination, though entitled to great weight, is subject to careful scrutiny for the reason that it involves a basic constitutional right. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (denial of adequate appellate review to the poor while granting such review to others is violative of due process and equal protection). *See also In re Patterson*, 136 Colo. 401, 317 P.2d 1041 (1957).

■ The initial burden of establishing indigency is on the defendant. The court's duty to assign an attorney to represent him arises only after a showing that he is indigent and unable to secure counsel from his own resources. *Allen v. People*, 157 Colo. 582, 404 P.2d 266 (1965); Crim. P. 44. In order to be deemed indigent, the defendant need not be destitute; rather, it is sufficient that the defendant lack the necessary funds, on a practical basis, to retain competent counsel. *People v. Morrison*, 114 Ill. App.3d 828, 70 Ill.Dec. 512, 514, 449 N.E.2d 859, 861 (1983). In determining indigency, the trial judge must consider the defendant's complete financial situation by balancing assets against liabilities and income against basic living expenses. Factors to be considered include whether the defendant has any dependents, whether he is employed, income from all sources, real and personal property owned, extent of any indebtedness, necessary living expenses, and the Eligibility Income Guidelines which reflect the current Federal Poverty Guidelines.

■ We reject the respondent court's argument that its determination of nonindigency was correct because the petitioner based his monthly income on a workweek of 20 hours or less and failed to demonstrate that he was incapable of generating

---

1. Chief Justice Directive, Order 84–5, dated May 2, 1984, provides in pertinent part that a single person is eligible for court-appointed counsel if his monthly income is less than $506.25 per month.

2. The exhibits are the minute orders, an October 1983 motion of petitioner for leave to proceed *in forma pauperis* and supporting affidavit, and the Application for Court Appointed Counsel dated January 10, 1985.

any additional income beyond the 20 hours. The issue before the respondent court was whether petitioner had the present ability to pay counsel to represent him in his appeal and pay for the transcript, not whether he could obtain additional work or secure a higher paying position. "The relevant consideration in determining indigency is whether the petitioner's *current financial status* affords him equal access to the legal process." *March v. Municipal Court for San Francisco Judicial District*, 7 Cal.3d 422, 498 P.2d 437, 442, 102 Cal.Rptr. 597, 602 (1972) (emphasis in original).

 Petitioner clearly came within the Eligibility Income Guidelines for court-appointed counsel. We believe that the denial of petitioner's application for court-appointed counsel and a free transcript was an abuse of discretion.

We also hold that the defendant's "ownership" of the $1,700 automobile is not determinative of his nonindigency. The "record" contains no findings by the trial judge concerning the extent of defendant's ownership in the car. Hence, several possibilities exist: the defendant may own the car absolutely; he may own it jointly with another; or, it may be so heavily encumbered as to render defendant's "ownership" little more than a mere fiction. *Bruce v. State*, 26 Md.App. 683, 338 A.2d 316, 322 (1975), *cert. dismissed*, 277 Md. 92, 351 A.2d 896 (1976). Without specific findings on the issue, we are unable to determine the effect, if any, the car has on the petitioner's financial status.

Our conclusion that the trial court erred does not preclude it from considering any future change for the better in petitioner's financial condition. Section 21–1–106, 8 C.R.S. (1985 Supp.), authorizes the court to assess fees or costs against the petitioner if the court determines that he is "able to repay all or part of the expense of state-supplied or court-appointed counsel or any ancillary expenses incurred in representing such defendant...."

Accordingly, we make the rule absolute and remand to the district court for a hearing consistent with the views expressed in this opinion.