THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES WHITFIELD, Defendant-Appellant.

Second District No. 2—85—0525

Opinion filed August 11, 1986.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, and William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Charles Whitfield, entered a plea of guilty to a charge of battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—3). He was sentenced to one year's probation, subject to conditions of 90 days' work release, and payment of $2,781.64 as restitution. His bond was to be applied to a statutory fine, costs, fees, and restitution. On appeal, Whitfield posits that the trial court erred in not making a finding regarding his ability to pay before ordering restitution.

The defendant was initially charged with the offense of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4). Subsequently, he entered a plea of guilty to an amended information charge of battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—3). Whitfield's plea was accepted by the court and judgment was entered accordingly.

Defendant's sentence hearing was held on May 3, 1985. The victim of the battery testified regarding the incident and that, as a result, he had incurred medical bills totaling $2,781.64. One of defendant's teachers testified on his behalf. She indicated that during the three years he was in her class, Whitfield had a good attendance record. She described him as hard working, cooperative, and able to get along with others. She also indicated that despite hard work on his part, Whitfield was reading below his grade level.

The presentence report, and his own testimony, revealed that Whitfield, who was one of nine children, lived with his mother. His fa-

ther was dead. Defendant had dropped out of 11th grade in order to get a job and help his mother pay the bills. At the time of sentencing, defendant was unemployed but attended a G.E.D. program on a daily basis and was doing well there. He had been enrolled in a local C.E.T.A. job training program which had helped him find summer work, at minimum wage, for the past several summers. Defendant had no record of previous arrests as either an adult or a juvenile. The presentence report further indicated that Whitfield had no dependents and was in good health.

Prior to sentencing, defense counsel stated that the statute required the court to consider the defendant's ability to pay before ordering restitution. Counsel also expressed doubt that Whitfield would be able to pay restitution even if he were so ordered. While the prosecutor acknowledged that the defendant was not currently working, he surmised that Whitfield would be working in the future and urged the court to order payment of restitution.

The court, without commenting on Whitfield's financial status, ordered him to pay restitution to the victim, for medical bills, in the amount of $2,781.64. A $25 fine and court costs were to be paid out of defendant's $350 bond. The remainder of the bond was to be applied to restitution. Defendant was also required to pay $56 a week for board in the work-release program.

Whitfield filed a motion for reconsideration of sentence, asserting, among other things, that the court did not consider his ability to pay and erred in ordering restitution. The court did not address this contention when it granted another part of the motion. Defendant also filed a motion pursuant to Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)), to withdraw his plea of guilty and vacate the judgment. The motion was denied, and this appeal followed.

The only issue raised by Whitfield in this court is that the trial court erred when it ordered him to pay restitution. Defendant bases his assertion on the court's failure to hold a separate hearing, or at least to make findings, on the question of his ability to pay the restitution as ordered. After reviewing the record, we have determined that the trial court's restitution order was appropriate.

Since the order for restitution here is a condition of probation, its propriety is controlled by section 5—6—3 of the Unified Code of Corrections (Code) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—3), which deals with such conditions. Section 5—6—3(b)(8) states in part: "The Court may in addition to other reasonable conditions *** require that the person: *** (8) make restitution as provided in Section 5—5—6 of this Code." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—

3(b)(8).) Section 5—5—6 is a general provision for restitution as an authorized disposition. The section was significantly amended, effective July 1, 1984. Thus, the amended statute was in effect at the time defendant was sentenced. Among other things, the amendment to section 5—5—6 deleted the following language: "[When restitution is to be part of the disposition:] (a) A pre-sentencing hearing shall be held to assess the financial capacity of the defendant to make restitution as well as to determine the amount and conditions of payment at the court's discretion." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—6(a).) In the statute as amended in 1984, the only specific reference to determining ability to pay prior to sentencing is found in section (f), which states:

> "Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6(f).)

Effective January 1, 1985, the following language was added to the introductory paragraph of section 5—5—6: "The court shall at the sentence hearing determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6.

Defendant asserts that the original statute called for a presentence determination of ability to pay prior to imposing restitution. He acknowledges that the language of the amended statute is not so explicit as the language in the original statute regarding this matter. Nevertheless, he cites the section (f) language quoted above, and the 1985 amendment, as support for his position that, despite the deletion of the directive regarding a presentencing hearing, the legislature intended that a defendant's financial capacity must be specifically considered, on the record, before imposing restitution.

We appreciate that there is authority under the original statute calling for the trial court to show on the record that it considered the defendant's ability to pay before ordering payment of restitution. (*People v. Morrison* (1983), 114 Ill. App. 3d 828, 449 N.E.2d 859; *People v. Johnson* (1982), 106 Ill. App. 3d 171, 435 N.E.2d 799.) We also perceive that the 1985 amendment requiring the trial court to determine the propriety of a sentence of restitution may or may not be applicable here, and may or may not have revived the requirements of the original statute. However, we need not decide these questions because we think the trial court did substantially what defendant insists

it was supposed to do.

Before the trial court ordered Whitfield to pay restitution, it was aware of a great number of facts concerning his ability to pay. The information before the trial judge showed that Whitfield was a 19-year-old high school dropout who had difficulty with basic skills such as reading. He lived with his mother and attempted to help her support a large family. The only jobs defendant had held were unskilled, low-paying summer jobs. The court also knew that Whitfield was participating successfully in a job-skills program, and that he was only a few months away from completing the requirements for a G.E.D. The job program would assist him in finding permanent work. Whitfield had no previous record. In fact, he was characterized as cooperative and able to get along with people. He appeared to be in good physical and mental health and had been able to post a $350 bond.

■ When considered in its entirety, defendant's financial status was not so bleak as to preclude his being able to pay restitution. On the contrary, he was acquiring an education and job skills; he was well and able-bodied; he had no dependents and appeared to have a healthy attitude toward improving his lot in life. While the trial court did not define a payment schedule, as called for in section 5—5—6(f) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6(f)), the court's order called for restitution to be made within one year. This arrangement was reasonable in light of the fact that defendant was not yet employed and did not know how much he would be earning or how often he would be paid.

■ We recognize that defendant is asserting the continuing vitality of the principles set forth in *People v. Johnson* (1982), 106 Ill. App. 3d 171, 435 N.E.2d 799, a case interpreting section 5—5—6 prior to amendment. The *Johnson* court called for a demonstration by the court, on the record, to show that it considered the factual basis for its conclusion that the defendant was able to pay restitution. Since *Johnson* dealt with the presentence-hearing requirement which was subsequently deleted from the statute, it is not controlling here. However, in response to defendant's insistence that specific findings must be made by the trial court, even under the amended statute, we find persuasive the reasoning of the dissent in *People v. Morrison* (1983), 114 Ill. App. 3d 828, 449 N.E.2d 859. The majority in *Morrison* relied on *Johnson* to overturn an order of restitution on the ground that the trial court erred in not making an express finding regarding defendant's financial status. In his dissent, Justice Barry explained *Johnson* this way: "The point in *Johnson* was that the record must disclose some evidence of factual basis for finding that defendant was finan-

cially capable of making restitution. *Johnson* does not require the recitation of a specific formula ***." 114 Ill. App. 3d 828, 834, 449 N.E.2d 859 (Barry, J., dissenting).

 We believe the approach described in the *Morrison* dissent is consistent with the amended statute, which eliminated the presentence-hearing requirement but added the section (f) requirement that ability to pay be taken into consideration when determining a payment period. Although the trial judge did not make findings or specifically address defendant's financial capability, the record shows that he had ample information to support his conclusion that defendant would be able to pay restitution. (*Cf. People v. Maldonado* (1985), 109 Ill. 2d. 319, 324-25, 487 N.E.2d 610.) It is not essential to an order of restitution that the defendant be employed at the time of sentencing. (*People v. Edwards* (1985), 135 Ill. App. 3d 671, 482 N.E.2d 137; *People v. Chacon* (1984), 125 Ill. App. 3d 649, 466 N.E.2d 374.) Thus, even though Whitfield was not yet working when sentenced, it is possible that during the period of probation he will be able to pay.

Furthermore, regardless of the terms of payment of the restitution, Whitfield is protected by section 5—5—6(g) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6(g)), which provides that no sentence of restitution shall be revoked unless the court finds that the offender had the financial ability to make restitution and wilfully refused to do so. If the court finds the failure is not wilful, it may impose up to an additional two-year period to make restitution. The facts of this case lead us to conclude that Whitfield may be able to make restitution within the time allotted. But if, through no fault of his own, he cannot complete payment on time, the statute provides for adequate extra time for him to fully discharge his obligation.

Accordingly, the order of the trial court of Winnebago County imposing payment of restitution as a condition of probation is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.