THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PETER J. KENNEDY, Defendant-Appellant.

Third District   No. 3—89—0250

Opinion filed October 12, 1990.

Rita K. Peterson, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Donald D. Knuckey, State's Attorney, of Lacon (Nathan P. Maddox and Terence M. Madsen, Assistant Attorneys General, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant Peter J. Kennedy appeals from his conviction for murder for which he was sentenced to 20 years in the penitentiary. This is the fourth appeal to this court involving this crime.

Defendant and a friend spent the evening of October 14, 1983, drinking in various bars in Henry, Illinois. At closing time, while walking to his car, defendant had an argument and altercation with some of the people standing on the sidewalk. Defendant proceeded to his car and drove it the wrong way down a one way street toward the group of people he had been arguing with. He drove up onto the sidewalk, striking Jacqueline Lou. She was thrown into the air, landed on top of the car, and fell to the ground, where the car came to a stop on top of her body. She died at the scene of the accident.

Defendant was tried and convicted on one count of murder, two counts of reckless homicide, and one count of voluntary manslaughter. Upon appeal, this court reversed and remanded the cause for a new trial because of inconsistent verdicts under *People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335. (*People v. Kennedy* (1985), 132 Ill. App. 3d 1166 (unpublished order under Supreme Court Rule 23).) After remand, defendant appealed from a ruling denying his motion for discharge on double jeopardy grounds, and we affirmed the trial court. (*People v. Kennedy* (1987), 161 Ill. App. 3d 175.) In a related appeal by the State, we affirmed the trial court's order dismissing

certain additional charges which had been filed against defendant. *People v. Kennedy* (1987), 161 Ill. App. 3d 197.

At issue here is whether defendant was denied his right to counsel upon retrial of this cause. After this cause was remanded for a new trial in 1985, defendant initially expressed a desire to represent himself, but subsequently Michael Cohen, a privately retained attorney, entered his appearance for defendant. Later, Cohen was allowed to withdraw, and following defendant's request for court-appointed counsel, Public Defender Kevin Galley was named.

According to the record, Galley advised defendant of certain potential conflicts of interest, including his representation of certain members of the Marshall County Board of Supervisors, the Marshall County Airport Board, and his wife's employment with the Attorney General's office. With the advice of Cohen, defendant expressly waived those potential conflicts in open court. After a trial date of August 22, 1988, had been set by the court, defendant on July 28, 1988, filed a motion to dismiss Galley because of certain conflicts of interest, *i.e.*, representation of the Marshall County Board and his wife's employment. The trial court found that any conflicts of interest had been waived previously and were again waived when defendant waited until one month before trial to raise these claims. The court denied the motion. Thereafter, trial had to be postponed when defendant filed a notice of appeal from a ruling on a double jeopardy motion. That appeal was dismissed by this court on August 16, 1988.

Next, defendant asked to be allowed to serve as co-counsel with Galley, and when Galley opposed that, the trial court advised defendant he would have to choose between proceeding with Galley as his appointed counsel or proceeding *pro se*. At that time the court questioned and admonished defendant, pursuant to Supreme Court Rule 401(a) (107 Ill. 2d R. 401(a)), concerning waiver of counsel. Trial was rescheduled for November 14, 1988. On October 27, 1988, defendant filed a complaint against Galley with the Attorney Registration and Disciplinary Committee (ARDC), after which the trial court allowed Galley to withdraw but named him back-up counsel with defendant representing himself *pro se*. Next, defendant filed a Federal suit against Galley, and Galley was allowed to withdraw entirely. The court ruled that defendant had waived his right to court-appointed counsel by his conduct and that he would have to proceed to trial without counsel. A new trial date of February 14, 1989, was set to allow defendant time to prepare for trial. Defendant represented himself throughout the trial.

On appeal defendant contends that the trial court erred in finding

that he had waived his right to counsel when he filed a complaint against Galley with the ARDC. Defendant says that the trial court did not give him the admonishments required under Rule 401(a) prior to that waiver and that the court failed to provide him with conflict-free representation as guaranteed by the sixth amendment to the United States Constitution. We conclude that the trial court did not err.

■ The applicable law was set down by the Illinois Supreme Court in a similar factual situation in *People v. Myles* (1981), 86 Ill. 2d 260, 268, 427 N.E.2d 59, as follows:

"This record presents a situation which required the circuit court to consider a number of competing interests. Defendant was entitled to the effective assistance of counsel in presenting his defense [citation], and ordinarily would be entitled to counsel of his choice. [Citation.] An indigent defendant is entitled to have counsel appointed for him [citation] or, should he choose to do so, may conduct his defense without benefit of counsel [citation]. In affording a defendant these rights, however, the circuit court is charged with the responsibility to administer justice without needless delay. In recognition of this principle, the right to counsel of a defendant's own choosing may not be employed as a weapon to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of crime. [Citations.]"

■ The trial court in the instant case was confronted with an intelligent and concerted effort to postpone indefinitely defendant's trial. After the remand from this court in 1985, defendant filed, in addition to numerous motions for a continuance, six motions to substitute judge, four motions to dismiss on double jeopardy grounds, four interlocutory appeals, a Federal *habeas corpus* petition, and four Federal civil lawsuits against judges and prosecutors. The record clearly reveals that the trial court carefully weighed defendant's right to effective assistance of counsel as well as its responsibility to administer justice effectively and expeditiously.

After the court refused to provide different court-appointed counsel, defendant filed a disciplinary complaint and a Federal suit against Galley in a forthright effort to circumvent the trial court's ruling. Given the nearly two-year delay in bringing this prosecution to trial, the court was justified in finding that defendant's conduct operated as a waiver. (See *People v. Rivers* (1978), 61 Ill. App. 3d 376, 377 N.E.2d 1245.) The ruling was within the sound judicial discretion of the trial court and was not error.

At the request of the State, after ruling that defendant had

waived his right to counsel by his conduct, the trial court also reconsidered defendant's status as an indigent. Defendant testified before the court that he was employed and earning $1,815 per month plus overtime, that his gross salary was expected to be $24,000 per year, that he lived with his parents and paid $200 rent monthly, that he owed $10,000 on a car purchased during the pendency of these proceedings, that he owed $5,000 on various accounts and $22,000 to relatives for expenses related to his first trial, and that he had posted a $2,000 bond in this cause. Defendant also stated that he had attempted to retain private counsel but, after approaching eight different attorneys, had been unable to provide sufficient advance retainer fees to obtain representation. The trial court ruled that defendant's income was sufficient to allow him to obtain private counsel and that he was not indigent.

■ Defendant contends that the trial court erred in this ruling. Given the view we take of the waiver issue discussed above, it is not necessary to review the indigency ruling. However, we choose to consider this issue and to hold that this determination was also within the sound discretion of the trial court. The rule has been stated as follows:

> "[I]n cases where defendant has some assets available and, like defendant here, has some funds *** indigency for such persons becomes a matter of degree within the sound discretion of the trial court. We find no abuse of that discretion here." (*People v. Maretti* (1978), 61 Ill. App. 3d 762, 763, 378 N.E.2d 342, 344.)

We, too, find no abuse of discretion on the part of the trial court in finding defendant not indigent.

■ Defendant argues that the fact that, for purposes of this appeal, we found him to be indigent and appointed appellate counsel indicates that the trial court erred. Needless to say, defendant's imprisonment during this appeal terminated his employment income and materially changed his financial ability to retain private counsel. This does not invalidate the earlier determination made prior to trial when different conditions existed.

■ Defendant asserts several alleged trial errors including prosecutorial misconduct in the questioning of witnesses and closing argument to the jury. We have carefully examined the record pertaining to all of these contentions, and we find that they have no merit. All of the alleged errors were waived by failure to object in the trial court. The evidence that defendant drove his car onto a sidewalk at a high rate of speed directly at pedestrians, thereby causing the victim's death, was uncontradicted. The evidence of guilt was so overwhelm-

ing that the alleged errors were harmless beyond a reasonable doubt and did not affect the jury's verdict.

■ Finally, defendant claims it was error to fail to instruct the jury that, in order to find defendant guilty of murder they must find that he did not act recklessly. In making this argument, defendant relies upon *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141. However, the Illinois Supreme Court has rejected that position. (*People v. Lucas* (1989), 132 Ill. 2d 399, 548 N.E.2d 1003.) We conclude that the jury instruction was not error.

The judgment of conviction and sentence of the circuit court of Marshall County are affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.