THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRYAN H. ELLIS, Defendant-Appellant.

Fourth District    No. 4—98—0797

Argued November 16, 1999.— Opinion filed December 20, 1999.

Daniel D. Yuhas and Arden J. Lang (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On January 15, 1998, the State charged defendant, Bryan Ellis, with criminal sexual abuse, a Class A misdemeanor, in violation of sec-

tion 12—15(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12—15(a)(1) (West 1998)). The trial court rejected defendant's repeated request for appointed counsel. On August 31, 1998, defendant waived his right to counsel, and the trial court conducted a bench trial and found the defendant guilty of criminal sexual abuse. On that same day, the trial court sentenced the defendant to two years' court supervision and ordered him to pay a fine and costs totaling $750 and to register as a sex offender. On September 30, 1998, the trial court, upon motion by the State, resentenced defendant to one year's conditional discharge and ordered him to pay costs and to register as a sex offender, submit blood specimens to the Illinois State Police, and have no contact with the complaining witness. Defendant appeals, arguing that (1) the trial court abused its discretion by denying his request to appoint counsel, and (2) defendant waived his right to counsel unknowingly and involuntarily. We reverse and remand.

Per the bystander's report filed July 20, 1999, on March 4, 1998, at a hearing before Judge Charles Frank, defendant requested appointment of counsel. Defendant testified that his monthly income totaled $688, his monthly rent was $250, and he had assets totalling $456 and debts of $344. His monthly income consisted of $494 disability income from social security and $194 government subsidy earmarked for the care of six dependent children. As to his disability, defendant testified that, in addition to stress, he suffered from a learning disability. Defendant was not employed but did state he was able-bodied and physically employable. No further inquiry was made or testimony presented as to why the defendant was unemployed. The trial court denied defendant's motion for appointment of counsel.

At a hearing on May 4, 1998, defendant again requested appointment of counsel. The bystander's report indicates defendant stated he contacted six or seven attorneys and each told him that, because of the nature of the charge, he would need a retainer of between $1,000 and $1,500. Defendant's financial status was the same as that provided at the March 4, 1998, hearing. Again, the trial court denied defendant's request for appointment of counsel.

In August 1998, defendant appeared for trial before Judge Randolph R. Spires. The trial court addressed defendant as to his request for jury trial and the extent of his education. Defendant told the court that he did not graduate from high school. Judge Spires explained to defendant the difference between a bench trial and jury trial and that a bench trial would be "a little less, perhaps, nerve-racking to a layperson and a little more simple." Prior to a decision to waive jury trial, the trial court suggested that the defendant talk to his father. The record suggests and shows that defendant's father served as an

advisor and advocate for defendant and was allowed to address the court before witnesses were presented and at the sentencing phase of the trial. When asked whether he intended to proceed without the assistance of counsel, defendant responded, "[y]es, sir." The cause proceeded to bench trial and the trial court found defendant guilty. Judge Spires sentenced defendant to two years' court supervision and ordered him to pay a fine and costs totaling $750.

The State made a timely motion to resentence defendant, asserting that supervision was not an authorized sentence for criminal sexual abuse under section 5—6—1(c) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—6—1(c) (West 1998)). At the September 30, 1998, hearing on the State's motion, defendant argued that his rights had been violated by the absence of appointed counsel, stating:

> "I want to also bring to the fact that representation, proper representation by a lawyer or public defender has steady [sic] been denied; and that is part of my rights, *Miranda* rights. And I already made out a financial affidavit that states how much I make which puts me in the standards of being eligible for state's defendant [sic].
>
> * * *
>
> I was being tried without proper representation and being denied a proper representation which is my right to have a proper representation before being considered charged for any situation."

Judge Spires told defendant that Judge Frank already denied defendant's request for counsel. Judge Spires further stated that he was not in a position to second-guess Judge Frank, and therefore the court would not readdress the issue. Judge Spires advised defendant that he could "raise that issue in a posttrial motion or on appeal."

The court then resentenced defendant to one year of conditional discharge and ordered defendant to register as a sex offender pursuant to section 3 of the Sex Offender Registration Act (730 ILCS 150/3 (West 1998)), submit blood specimens pursuant to section 5—4—3 of the Unified Code (730 ILCS 5/5—4—3 (West 1998)), and have no contact with complainant. The trial court explained how defendant could go about filing an appeal and instructed defendant to prepare another financial affidavit to determine whether he qualified for appointed counsel on appeal.

According to the October 5, 1998, docket entry, Judge Spires denied defendant's request for appointed counsel on appeal. In response to defendant's *pro se* request, this court appointed the office of the State Appellate Defender to represent defendant on this appeal.

■ We first note that defendant neglected to file a posttrial motion.

Ordinarily, such a failure results in forfeiture of the issues raised. See *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1129 (1988). However, because defendant argues that the trial court forced him to proceed *pro se* and deprived him of a substantial right, we elect to review his claims under the plain error doctrine. 134 Ill. 2d R. 615(a).

■ Under the sixth amendment to the United States Constitution (U.S. Const., amend. VI), an indigent defendant's right to appointed counsel applies only in cases in which he is actually sentenced to imprisonment. *Scott v. Illinois*, 440 U.S. 367, 373-74, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162 (1979). In Illinois, an indigent defendant's right to appointed counsel is broader, applying in all cases except where the penalty is "a fine only." 725 ILCS 5/113—3(b) (West 1998) ("In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel"). A determination of indigency is generally left to the trial court's discretion. See *People v. Kennedy*, 204 Ill. App. 3d 681, 685, 561 N.E.2d 1347, 1350 (1990). This determination should be based on as complete a financial picture as possible. *People v. Penermon*, 108 Ill. App. 3d 73, 77, 438 N.E.2d 946, 948 (1982). Further, courts must balance defendant's assets against liabilities and also consider defendant's income. *Penermon*, 108 Ill. App. 3d at 77, 438 N.E.2d at 948-49. Defendant need not be entirely without funds. *People v. Miller*, 23 Ill. App. 3d 149, 152, 318 N.E.2d 739, 741 (1974). Rather, it suffices if defendant lacks financial resources on a practical basis to retain counsel. *Penermon*, 108 Ill. App. 3d at 77, 438 N.E.2d at 948. Whether court-appointed counsel is appropriate must be delicately decided and always with an eye toward protecting the rights of the accused. *People v. Cole*, 97 Ill. App. 2d 22, 25, 239 N.E.2d 455, 457 (1968). In a close case, trial courts should favor appointment of counsel to assure protection of defendant claiming indigence. See *People v. Whitney*, 24 Ill. App. 3d 685, 321 N.E.2d 317 (1974) (abstract of op.) (slip op. at 3). When indigency is at issue, courts view failure to appoint counsel as a serious deprivation. *People v. Gustavson*, 131 Ill. App. 2d 887, 889, 269 N.E.2d 517, 519 (1971).

■ In the case at bar, defendant argues that the trial court's failure to appoint counsel constituted an abuse of discretion. We agree. Defendant's monthly income totals $688, $194 of that amount comes from welfare and is earmarked for the care of defendant's six dependent children, the remaining $494 is from social security for disability. Defendant pays $250 per month for rent. The record does not indicate defendant's monthly expenses for groceries and utilities. Defendant's total assets (including his automobile, personal property, and savings) total $456, while he owes $344 in "other debts."

After the trial court rejected defendant's initial request for counsel, the bystander's report indicates that defendant made a good-faith effort to obtain private counsel. However, each attorney that defendant contacted demanded a retainer far exceeding what defendant could pay. On these facts, we conclude that defendant was indigent and entitled to court-appointed counsel, and the trial court abused its discretion in failing to appoint one. We point out, however, that our decision today does not foreclose a hearing pursuant to section 113—3.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113—3.1 (West 1998)), payment for court-appointed counsel.

In light of our determination, we need not address defendant's remaining argument, *i.e.*, whether the defendant was properly admonished pursuant to Supreme Court Rule 401 (134 Ill. 2d R. 401) and whether he knowingly and voluntarily waived his right to counsel.

For the foregoing reasons, we reverse and remand.

Reversed and remanded.

COOK, P.J., and MYERSCOUGH, J., concur.