2019 IL App (3d) 160583

Opinion filed September 16, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-16-0583 |
| v. | ) ) | Circuit No. 13-CF-365 |
| SCOTT A. MacTAGGART, | ) ) | Honorable Stanley B. Steines, |
| Defendant-Appellant. | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Carter concurred in the judgment and opinion.
Justice Holdridge dissented, with opinion.

**OPINION**

¶ 1        Defendant Scott MacTaggart was charged with criminal sexual assault and one count of sexual relations within families. The trial court appointed the public defender to represent MacTaggart. After $25,000 bond was posted on MacTaggart's behalf, the trial court dismissed the public defender, finding MacTaggart was not indigent. MacTaggart proceeded to trial with private counsel and was convicted by the jury and sentenced to a nine-year term of imprisonment. He appeals his conviction. We vacate MacTaggart's conviction, reverse, and remand.

¶ 2                                             I. BACKGROUND

¶ 3         Defendant Scott MacTaggart was charged with one count of criminal sexual assault and one count of sexual relations within families. 720 ILCS 5/11-1.20(a)(2), 11-11 (West 2014). He was arrested on January 7, 2014, and the court set his bond at $250,000, with 10% to apply. MacTaggart submitted a financial affidavit that indicated he was unemployed, with monthly expenses of more than $1000 and assets of $17,106, which included his vehicle, checking account balance, household contents, personal property, and cash on hand and liabilities of $15,000, consisting of his vehicle loan. The trial court found MacTaggart was indigent and appointed the public defender to represent him.

¶ 4         On January 10, 2014, the public defender entered an appearance on MacTaggart's behalf. Also on January 10, MacTaggart's mother posted bond. On January 16, 2014, MacTaggart waived his right to a preliminary hearing, was arraigned, and entered a not guilty plea. The trial court entered several pretrial orders. Thereafter, discovery took place. On February 27, 2014, the State filed a motion to reconsider the appointment of the public defender, arguing that MacTaggart's financial circumstances had changed since the court appointed the public defender.

¶ 5         A hearing took place on the State's motion. The trial court and public defender determined that MacTaggart should proceed *pro se*, and the appointed public defender, although present, did not represent MacTaggart at the hearing. The State argued that because a $25,000 bond was posted, MacTaggart could not be considered indigent and had the $25,000 available to obtain private counsel. MacTaggart informed the court that he needed the public defender, he

personally had no money, he had not obtained the bond money himself, and he could not afford an attorney.

¶ 6    The trial court reviewed MacTaggart's financial affidavit and noted that he had no income but did have expenses. However, it determined that it could properly consider the "ability to get credit from a bank or the availability to get credit from friends and family" in deciding whether MacTaggart was indigent, noting it was "obvious" to the court that MacTaggart had "the resources available to him, the availability to get loans from friends or family." The trial court dismissed the public defender, finding MacTaggart was not indigent since he was able to secure the $25,000 bond. The court questioned MacTaggart as to how long he would need to obtain counsel, to which MacTaggart replied that he did not know because he had no funds to pay for counsel. The trial court instructed MacTaggart to inform a potential attorney that there was $25,000 bond potentially available to pay attorney fees. MacTaggart thereafter hired private counsel, who filed an appearance and a motion for bond assignment, seeking $15,000 of the bond.

¶ 7    A jury trial took place, and the jury found MacTaggart guilty of both charged offenses. A sentencing hearing was held on April 8, 2016. The State sought a nine-year sentence and fines of $25,000, in addition to other fines and fees. The defense asked for the statutory minimum sentences and reminded the court that counsel's only source of compensation was the bond amount and a $25,000 fine as requested by the State would take his entire compensation. MacTaggart did not address the court. The court imposed a nine-year term of imprisonment, with an indefinite mandatory supervised release (MSR) term of three years to natural life, and fines and fees in the amount of $16,684. The court found MacTaggart to be a sex offender and

3

required to comply with the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2016)).

¶ 8    MacTaggart moved to reconsider his sentence and for a new trial. A hearing took place. The trial court denied MacTaggart's motion for a new trial, granted his motion to reconsider the sentence, and vacated the $10,000 fine, leaving an amount due of $6684. On September 26, 2016, MacTaggart filed an untimely notice of appeal. He completed a financial affidavit indicating he had no assets, no income, and monthly expenses of $400. The trial court appointed the appellate defender to represent MacTaggart on appeal. On October 13, 2016, appellate counsel moved to file a late notice of appeal and filed a new notice of appeal. This court granted leave for a late notice of appeal on October 28, 2016.

¶ 9                                             II. ANALYSIS

¶ 10    The issue on appeal is whether the trial court erred when it found MacTaggart was not indigent and dismissed the public defender. MacTaggart argues that the trial court's rulings were improper and challenges the trial court's errors as violating his right to counsel of his choice. The framework in which he presents his challenge is a violation of his sixth amendment right to counsel.

¶ 11    MacTaggart failed to timely raise this issue in a posttrial motion, and it is thus forfeited. *People v. Herron*, 215 Ill. 2d 167, 175 (2005). MacTaggart urges this court to consider the issue under plain error review. Under the plain error doctrine, a reviewing court may consider a forfeited error under two circumstances: where (1) the evidence at trial was closely balanced such that the error improperly tipped the scales of justice or (2) the error was so serious that it affected the trial's fairness or threatened the integrity and reputation of the judicial process. *Id.* at 178-79. In order for either prong to apply, there must first be error that is clear or obvious.

*People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Accordingly, we begin by examining whether the trial court's denial of appointed counsel was clear or obvious error.

¶ 12 A defendant is entitled to the assistance of counsel. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. This right includes the right to retained counsel of choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147-48 (2006); *People v. Baez*, 241 Ill. 2d 44, 104-05 (2011). The denial of a defendant's right to counsel of his choice raises concerns about the integrity of the judicial process. *People v. Howard*, 376 Ill. App. 3d 322, 338 (2007). The violation of a defendant's right to counsel of his choice is a structural error. *Baez*, 241 Ill. 2d at 105.

¶ 13 An indigent defendant who is facing criminal charges punishable by more than a fine is entitled to the appointment of a public defender. 725 ILCS 5/113-3(b) (West 2014). To qualify for appointment of counsel, the defendant must complete a financial affidavit presenting his assets and liabilities to enable the court to determine if he is indigent. *Id.* A determination of indigency should be made after the court reviews a complete picture of the defendant's financial circumstances. *People v. Ellis*, 309 Ill. App. 3d 443, 446 (1999). The decision on whether to appoint counsel must be made "always with an eye toward protecting the rights of the accused." *Id.* A trial court should favor appointment of counsel, and its failure to do so is viewed as a serious deprivation. *Id.*

¶ 14 It is improper for the trial court to make an indigency determination without a specific inquiry into the defendant's ability to pay for private counsel. *People v. Adams*, 388 Ill. App. 3d 762, 768 (2009). This court reviews a trial court's determination on a defendant's indigency for an abuse of discretion. *People v. Abernathy*, 399 Ill. App. 3d 420, 427 (2010) (citing *Adams*, 388 Ill. App. 3d at 767). Whether a defendant's right to counsel was denied is reviewed *de novo*. *Id.*

¶ 15     The posting of bail does not preclude the indigency of the defendant. *People v. Wood*, 91 Ill. App. 3d 414, 419 (1980). Bail is commonly posted by friends, family, and other supporters and the court cannot presume that the bond funds are available to the defendant. *Id.* Provisions for bail do not mandate that funds made available by others are necessarily dedicated to the defendant's attorney fees. *People v. Valdery*, 41 Ill. App. 3d 201, 204 (1976). Bond money may be presumed to belong to the defendant only as to fines, costs, and judgments against him. *People v. Mompier*, 276 Ill. App. 3d 393, 398 (1995). "Bail deposits are not presumptively the defendant's, for example, for purposes of paying attorney fees." *Id.*

¶ 16     Here, the trial court failed to make a complete inquiry into MacTaggart's financial circumstances. It presumed that because bond money of $25,000 was posted to secure MacTaggart's liberty, he had "credit" available from friends and family to cover counsel fees. MacTaggart himself rebutted this presumption with his attempted explanation to the court that the bond money did not belong to him and that he was not able to secure funds to pay for an attorney. According to MacTaggart, he had no funds for private counsel. His financial affidavit supported his claims, indicating he was unemployed, owned a vehicle with a value of approximately $15,000 on which he owed $15,000, and other assets worth approximately $2000, and had monthly expenses of approximately $1000.

¶ 17     At the hearing on the State's motion to reconsider the appointment of the public defender, MacTaggart was forced to appear *pro se*, as both his counsel and the court determined the public defender should not argue in MacTaggart's behalf. By precluding MacTaggart the assistance of counsel at a hearing regarding his right to the assistance of counsel, MacTaggart was deprived of his statutory right to any representation at the hearing. MacTaggart acknowledged his legal inabilities at the hearing. Despite the presence of one of his parents, who posted the bail, and the

court's suggestion that MacTaggart call that person as a witness, MacTaggart did not call any witnesses. He stated that he would not know what to ask them. Had MacTaggart been represented at the hearing by his appointed counsel, MacTaggart's parent and other family and friends could have been questioned about the posted bail money and their financial ability and willingness to provide funds for MacTaggart to use to hire a private attorney.

¶ 18 Although MacTaggart was able to secure private counsel based on an assignment of the bond to the attorney, we consider the denial of the appointment of the public defender was improper and violated his right to counsel. In arguing its motion to dismiss the public defender, the State offered its belief that MacTaggart's mother would make some money available so MacTaggart could hire private counsel. The State urged that MacTaggart's ability to "get his hands on bail money" established his ability to obtain money for private counsel. The State also suggested that MacTaggart could surrender himself, clearing the entire bail amount for counsel. MacTaggart explained he did not have either money for an attorney or access to such money. Without supporting evidence and contrary to MacTaggart's claims, the court presumed that MacTaggart's family and friends could "extend him credit" for his attorney fees. It noted that MacTaggart had no income and did have expenses, but under the court's definition of indigent, which was "without sufficient income or resources in which to hire an attorney," he was not indigent. The court then determined that MacTaggart's friends and family were his resources for attorney fees.

¶ 19 We acknowledge that the right to counsel of one's choice has not been extended to defendants who require the services of appointed counsel, and we decline MacTaggart's invitation to extend the right to appointed counsel of one's choice. Nevertheless, under the facts of this case, the court's determination that because MacTaggart's bond was posted by his

7

parents, he was no longer indigent was improper. The options presented to MacTaggart were to proceed *pro se*, surrender himself so bond was available for private counsel, or depend on the generosity of his parents to allow their bail money to pay private counsel to represent him are not accurate statements of the law.

¶ 20    Because MacTaggart was required to appear *pro se* at the hearing to determine his indigency, no financial information other than his affidavit was elicited at the hearing. The affidavit establishes MacTaggart was indigent, with no job, few assets, and no money. The court improperly presumed, despite MacTaggart's rebuttal, that he could afford private counsel because his family posted the bond money. It should have considered whether MacTaggart was indigent based on a complete picture of MacTaggart's finances, and not that of his parents, who posted the bond money. We find that the trial court committed plain error when it granted the State's motion to reconsider the appointment of counsel for MacTaggart and dismissed the public defender. We further find this error was structural and affected the integrity of the justice system. Accordingly, we vacate MacTaggart's conviction and reverse and remand.

¶ 21                                III. CONCLUSION

¶ 22    For the foregoing reasons, the judgment of the circuit court of Whiteside County is vacated, and the cause reversed and remanded.

¶ 23    Conviction vacated; cause reversed and remanded.

¶ 24    JUSTICE HOLDRIDGE, dissenting:

¶ 25    I respectfully disagree with the majority's finding that reversible error occurred when the trial court determined that the defendant was no longer indigent after $25,000 cash bail had been provided to him by his mother. As the majority observes, whether a defendant is indigent, and thus entitled to representation by a public defender, is a matter for the trial court's determination

8

following a specific inquiry into the defendant's ability to pay for private counsel. *Adams*, 388 Ill. App. 3d at 768. Moreover, as the majority also observes, a trial court's determination regarding whether a defendant is indigent is subject to an abuse of discretion standard of review. *Abernathy*, 399 Ill. App. 3d at 427. Here, the record established that the trial court made a specific inquiry into the defendant's ability to pay for private counsel after the cash bail was posted. Specifically, a hearing was held at which the question of the availability of the cash to pay for private counsel was addressed by the trial court. Thus, the only question before this court is whether the trial court abused its discretion in determining that the funds were available to the defendant to hire private counsel. A trial court decision is considered an abuse of discretion only when it is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *People v. Dunmore*, 389 Ill. App. 3d 1095, 1105 (2009).

¶ 26        At issue is whether the trial court abused its discretion in finding that the defendant had access to the cash bail based on the facts of this particular case. I would find that the trial court's finding that the cash bail posted by the defendant's mother was available for payment of fees to private counsel was not an abuse of discretion. I would thus find that no error occurred necessitating a plain error analysis. I would further note that, if the trial court properly determined that the defendant was not entitled to appointment of a public defender, then his constitutional right to counsel of his choice was not violated. See *Adams*, 388 Ill. App. 3d at 767 (finding of indigence is a precondition to the right to an appointed public defender).

¶ 27        As the majority observes, the mere posting of cash bail does not preclude a finding that a defendant is indigent for purposes of appointing a public defender; rather, there is a presumption that cash bail posted by friends, family, or other supporters in *not* available for payment of attorney fees. *Mompier*, 276 Ill. App. 3d at 398. Indeed, sound reason exists to support this

9

presumption, since the willingness of a party to post cash bail for a defendant depends, at least in part, on the likelihood that those funds will be returned when the defendant complies with the conditions of his release on bail. *Wood*, 91 Ill. App. 3d at 419. However, the presumption that cash bail posted by a third party is not available for payment of attorney fees is rebuttable where the trial court finds that the party donating the funds intended the funds to be available for payment of attorney fees. See *Mompier*, 276 Ill. App. 3d at 398.

¶ 28     Here, the record established that the defendant's mother executed a written acknowledgment at the time she posted the cash bail, in which she stated that she understood "that the Court may order that the bail I have posted may be used to pay any and all bail bond costs, fines, other costs, assessments, attorney fees, and/or restitution." The record further established that the defendant's mother was not called to testify at the hearing where the trial court determined whether the defendant was indigent after she posted the cash bail. Given the written acknowledgment that the funds were available to pay attorney fees, and the lack of testimony regarding her understanding of the written acknowledgment, it cannot be said that the trial court abused its discretion in finding that these funds were available to the defendant. I would find the record sufficiently supports the trial court's ruling regarding the defendant's ability to pay for private counsel. I would find, therefore, that no error occurred that necessitated this court's review under a plain error theory. See *People v. Cosby*, 231 Ill. 2d 262, 273 (2008) (absent error there can be no plain error).

The majority commented on the defendant's lack of representation at the hearing on the State's motion to reconsider his eligibility for appointed counsel as an added basis for finding error. I share the concern that, had the defendant been represented at that hearing, the outcome might have been different. The record established that the defendant had appointed counsel of

10

record at the time of the hearing. However, counsel, with the approval of the trial court, chose not to participate in the hearing. Whether counsel's actions constituted a violation of the defendant's constitutional right to adequate representation is a matter best left to adjudication under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). See *People v. Domagala*, 2013 IL 113688, ¶¶ 35-36.

**No. 3-16-0583**

| | |
|---|---|
| **Cite as:** | *People v. MacTaggart*, 2019 IL App (3d) 160583 |
| **Decision Under Review:** | Appeal from the Circuit Court of Whiteside County, No. 13-CF-365; the Hon. Stanley B. Steines, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Pater A. Carusona, and James Wozniak, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Terry A. Costello, State's Attorney, of Morrison (Patrick Delfino, David J. Robinson, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |