2020 IL App (1st) 170219-U

No. 1-17-0219

Order Filed January 31, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 19586 |
| | ) | |
| DONALD FALLS, | ) | Honorable |
| | ) | James Michael Obbish, |
| Defendant-Appellant. | ) | Judge Presiding. |

---

JUSTICE HALL delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:* The trial court committed plain error under the second prong of the plain error doctrine where the court violated defendant's constitutional right to counsel by discharging the public defender solely on the fact that bond had been posted for defendant.

¶ 2    Following a bench trial, defendant Donald Falls was found guilty of armed violence, possession of cannabis and unlawful use of weapons by a felon. The trial court entered judgment

on the armed violence conviction and sentenced defendant to 30 years' imprisonment in the Illinois Department of Corrections. Defendant appeals his conviction and sentence.

¶ 3     On appeal, defendant contends that: the trial court violated his Sixth Amendment right to counsel; the State failed to prove him guilty of armed violence beyond a reasonable doubt; and the trial court erred when it sentenced him to 30 years' imprisonment, the maximum sentence for armed violence. We find the first issue dispositive of this appeal, and therefore, we do not address the remaining issues. The facts pertinent to that issue are set forth below.

¶ 4                                      BACKGROUND

¶ 5     On November 22, 2010, defendant was arraigned on the above charges. The trial court then inquired of defendant as follows:

"THE COURT: Can you afford to hire an attorney to represent yourself on these charges?

THE DEFENDANT: No, sir.

THE COURT: All right. Public defender's office will be appointed. I will tender a copy of that indictment to Mr. Willis [an assistant Public Defender] (APD Willis) on your behalf."

¶ 6     On March 2, 2011, the parties appeared before the trial court for hearing on defendant's motion to quash arrest and suppress evidence. APD Willis advised the court that defendant had been released on a $7,500 bond. The trial court addressed defendant as follows:

"Mr. Falls, I suspect since you are out on bond, if the matter proceeds beyond this, you are going to have to hire a private lawyer. Do you have a lawyer coming in?

THE DEFENDANT: No, sir, not at this time.

THE COURT: We will pass it."

¶ 7    APD Willis continued to represent defendant at the hearing on the motion. Following the hearing, the trial court denied the motion and then addressed defendant:

"THE COURT: Now, Mr. Falls, as I said, you are going to have to retain a lawyer because you are now out on bond, a significant amount of bond, more than enough to secure the services of an attorney.

How long do you need to bring in an attorney to represent yourself, sir?

THE DEFENDANT: About three months.

THE COURT: Three months?

THE DEFENDANT: Roughly two months.

THE COURT: I am not going to give you more than 30 days. You have the bond money is what you are going to be able to use for the lawyer.

THE DEFENDANT: The money ain't mine.

THE COURT: It is yours now. Somebody has given you that money to get you out of jail. You need to bring a lawyer in here ***."

The case was continued until April 4, 2011, by agreement, with the trial court reiterating, "[h]ave a private attorney with you at that time, sir."

¶ 8    On April 4, 2011, the parties appeared before the trial court. Attorney Mark Kusatzky requested leave to file his appearance on behalf of defendant. The trial court questioned defendant as follows:

"All right. Mr. Falls, do you want the public defender to no longer have any responsibility for your case so that Mr. Kusatzky can represent you?

THE DEFENDANT: Yes."

The trial court granted leave to substitute attorneys, and attorney Kusatzky filed his appearance on behalf of defendant. Thereafter, the case was continued from time to time for status.

¶ 9    On October 17, 2011, defendant failed to appear for the scheduled hearing on his motion to suppress statements. The trial court ordered a bond forfeiture and issued a warrant for defendant's arrest. On November 16, 2011, court entered judgment on the forfeiture.

¶ 10    On March 4, 2015, the parties appeared before the trial court. Attorney Kusatzky advised the trial court that defendant had been jailed in Winnebago County on charges unrelated to the present case. The attorney requested that the court vacate the judgment forfeiting the bond. The court advised defendant that attorney Kusatzky was requesting that the $7,500 be transferred to him as legal fees. Defendant replied that he understood and acknowledged his signature on the motion to transfer the $7,500 to attorney Kusatzky. The court then granted the motion.

¶ 11    The trial court found defendant guilty of all charges and sentenced him to 30 years' imprisonment. This appeal followed.

¶ 12                                ANALYSIS

¶ 13    Defendant contends that the trial court denied him his Sixth Amendment right to counsel when the court discharged the assistant public defender and compelled defendant to hire a private attorney without first establishing that defendant was not indigent. He concedes that this claim of error is forfeited because he did not object to the trial court's discharge of APD Willis, and attorney Kusatzky did not raise the error in the posttrial motion. Defendant seeks review of his claim of error under the plain error doctrine. Illinois Supreme Court Rule 615(a) (eff. August 27, 1999).

¶ 14                                    A. Plain-Error Review

¶ 15    "The plain error doctrine is applicable when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence."  (Internal quotation marks omitted.) *People v. Clark*, 2016 IL 118845, ¶ 42 (quoting *People v. Thompson*, 238 Ill. 2d 598, 613 (2010), quoting *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007)). Remedial application of the plain error doctrine is discretionary. *Clark*, 2016 IL 118845, ¶ 42; Ill. S. Ct. Rule 615(a) (eff. Aug. 27, 1999) (plain errors may be noticed although they were not brought to the attention of the trial court). Under both prongs of the plain error doctrine the defendant bears the burden of persuasion. *Piatkowski*, 225 Ill. 2d at 565.

¶ 16    Our first task under the plain error doctrine is to determine if a clear or obvious error occurred. *People v. Sebby*, 2017 IL 119445, ¶ 49.

¶ 17                          B. Did a Clear or Obvious Error Occur

¶ 18                               1. *Standard of Review*

¶ 19    We review a trial court's determination of indigency for an abuse of discretion. *People v. MacTaggart*, 2019 IL App (3d) 160583, ¶ 14.

¶ 20                                    2. *Discussion*

¶ 21    "Under the sixth amendment to the United States Constitution, as well as Illinois law, a defendant has the right to appointed counsel if he is indigent and charged with a crime that could result in imprisonment." *People v. Adams* 388 Ill. App. 3d 762, 767 (2009) (citing U.S. Const.,

amend. VI; 725 ILCS 5/113-3 (West 2004)). Section 113-3 of the Code of Criminal Procedure (Code) provides in pertinent part: "In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." 725 ILCS 5/113-3(b) (West 2010).

¶ 22    A determination of indigency should be based on as complete a financial picture as possible. *Adams* 388 Ill. App. 3d at 767. To be found indigent does not require that a defendant be entirely without funds; rather, he lacks financial resources, practically speaking, to retain counsel. *Adams*, 388 Ill. App. 3d at 767 (the defendant's possession of a vehicle worth $6,000 did not, by itself, render him ineligible for the appointment of the public defender). The appropriateness of the appointment of counsel for a defendant must be carefully considered and in a close case, the trial court should favor the appointment to assure protection to a defendant who is claiming indigence. *Adams*, 388 Ill. App. 3d at 767.

¶ 23    "The method of arriving at a determination of a defendant's ability to pay must include a balancing of assets against liabilities and also defendant's income." *Adams*, 388 Ill. App. 3d at 767. To that end, section 113-3(b) provides in pertinent part, "[t]he court shall require an affidavit signed by any defendant who requests court-appointed counsel." 725 ILCS 5/113-3(b) (West 2010).

¶ 24    "[T]he court is required to inquire into the defendant's actual financial circumstances and reach a reasoned determination concerning indigency." *People v. Abernathy*, 399 Ill. App. 3d 420, 430 (2010) (trial court's assumption that the defendant's previous ability to retain private counsel demonstrated that he was not indigent was not in accord with Illinois law). In *Adams*, the reviewing court concluded that the trial court abused its discretion in finding the defendant

was not indigent, stating "[w]ithout an affidavit or the consideration of other facts regarding defendant's liabilities, we cannot say there was a meaningful balancing of defendant's financial status." *Adams*, 388 Ill. App. 3d at 768.

¶ 25 Here, the record established that the trial court did not conduct a specific inquiry into defendant's ability to pay. Instead, the trial court discharged the public defender solely because bond had been posted for defendant. Despite evidence to the contrary, the court then determined that defendant would have use of the bond money to retain an attorney. The court responded to defendant's statement that the bond money was not his, stating, "[i]t is yours now. Somebody has given you that money to get you out of jail. You need to bring a lawyer in here***."

¶ 26 The posting of bail does not preclude a finding that the defendant is indigent. *MacTaggart*, 2019 IL App (3d) 160583, ¶ 15 (citing *People v. Wood*, 91 Ill. App. 3d 414, 419 (1980)). "Bail is commonly posted by friends, family, and other supporters and the court cannot presume that the bond funds are available to the defendant." *MacTaggart*, 2019 IL App (3d) 160583, ¶ 15 (citing *Wood*, 91 Ill. App. 3d at 419). The trial court may not presume that bail deposits are the defendant's for purposes of paying attorney fees. *MacTaggart*, 2019 IL App (3d) 160583, ¶ 15.

¶ 27 The State maintains that no error occurred because the trial court was required to obtain an affidavit from defendant of his income and expenses only if defendant requested counsel, not where the court discharges appointed counsel. We disagree. The error is not the absence of the affidavit, but the trial court's failure to conduct any inquiry into defendant's finances prior to determining that he was not indigent and therefore not entitled to appointed counsel. See *Adams*, 388 Ill. App. 3d at 767-68.

¶ 28    We determine that the trial court abused its discretion when it denied defendant appointed counsel solely on the ground that bond had been posted. We conclude that this was a clear and obvious error.

¶ 29                              C. Second-Prong Error

¶ 30    Defendant seeks relief under the second prong of the plain-error doctrine. While second-prong plain error has been equated with structural error, our supreme court has clarified that second-prong plain error is not limited to the six types of structural error recognized by the United States Supreme Court. *Clark*, 2016 IL 118845, ¶ 46.[1] However, the error must be a similar type of error in that it affects the framework in which the trial proceeds, rather than just an error in the trial process. *People v. Johnson*, 2017 IL App (2d) 141241, ¶ 51 (violation of a statutory requirement resulting in the introduction of improper evidence did not rise to the level of a second-prong error).

¶ 31    During the pendency of this appeal, we granted defendant's motion to cite *MacTaggart* as additional authority. In the context of plain-error review, the appellate court in *MacTaggart* addressed whether the trial court violated the defendant's right to counsel of his choice when the court found that the defendant was not indigent because bond had been posted for him, and dismissed the public defender. We find *MacTaggart* instructive.

¶ 32    In *MacTaggart*, based on his financial affidavit, the trial court found the defendant indigent and appointed the public defender to represent him. After the defendant's mother posted his bond, the State moved to reconsider the appointment of the public defender arguing that the

---

[1] The Supreme Court has recognized the following as structural errors: (1) a complete denial of counsel; (2) trial before a biased judge; (3) racial discrimination in the selection of a grand jury; (4) denial of self-representation at trial; (5) denial of a public trial; and (6) a defective reasonable doubt instruction. *Thompson*, 238 Ill. 2d at 609.

defendant's financial circumstances had changed since the public defender had been appointed to represent him. *MacTaggart*, 2019 IL App (3d) 160583, ¶ 3-4.

¶ 33    At the hearing, the defendant maintained that he personally had no money, explaining that the bond money was not his and that he could not afford an attorney. The State argued that the bond money was available to retain an attorney. In discharging the public defender, the trial court considered that the defendant's affidavit showed expenses but no income.  However, the court concluded that the defendant had other resources of income, such as loans from his family. *MacTaggart*, 2019 IL App (3d) 160583, ¶¶ 5-6. The defendant retained private counsel, who filed a motion seeking a portion of the bond money for fees. *MacTaggart*, 2019 IL App (3d) 160583, ¶ 6. Following a jury trial, the defendant was found guilty, and he appealed. *MacTaggart*, 2019 IL App (3d) 160583, ¶¶ 7-8. As in the case before this court, the defendant sought plain-error review of the forfeited error, *i.e.*, that the trial court erred when it determined that he was not indigent and dismissed the public defender. *MacTaggart*, 2019 IL App (3d) 160583, ¶¶ 10-11.

¶ 34    On appeal, the reviewing court found that the trial court erred when it determined that because the defendant's parents posted the bond he was no longer indigent. The court held that the trial court should have considered the question of indigency on the basis of the defendant's finances and not those of his parents who posted the bond. *MacTaggart*, 2019 IL App (3d) 160583, ¶ 20. The court recognized that while the denial of a defendant's choice of retained counsel has been recognized as a structural error, the right to counsel of choice had not been extended to defendants requiring appointed counsel. *MacTaggart*, 2019 IL App (3d) 160583, ¶ 19; see *People v. Baez*, 241 Ill. 2d 44, 106 n. 5 (2011).

¶ 35    While the reviewing court in *MacTaggart* declined to extend the right to appointed counsel of one's choice, under the facts of the case, the court found that the trial court committed plain error when it granted the State's motion to reconsider the appointment of counsel and dismissed the public defender. The court found further that "the error was structural and affected the integrity of the justice system." *MacTaggart*, 2019 IL App (3d) 160583, ¶ 20. The court vacated defendant's conviction and reversed and remanded the case. *MacTaggart*, 2019 IL App (3d) 160583, ¶ 20.

¶ 36    In the present case, solely on the basis of the posting of bond, the trial court concluded that defendant was not indigent. Although defendant informed the court that the bond money was not his, the court told him, "[i]t is yours now. Somebody has given you that money to get you out of jail. You need to bring a lawyer in here ***."As in *MacTaggart*, the trial court here improperly based its discharge of the public defender based on other persons' assets, not defendant's.

¶ 37    The State did not respond to the motion to cite *MacTaggart* and therefore has not addressed the analysis in that case. Instead, the State continues to rely on the arguments it raised in its response to defendant's opening brief.

¶ 38    The State contends that the trial court's failure to comply with section 113-3(b) of the Code does not constitute a second-prong error because the violation of a statutory procedural rule is not a structural error. See *Johnson*, 2017 IL App (2d) 141241, ¶ 51 (a violation of a sentencing statute by the trial court was a trial error that did not deny the defendant a fair sentencing hearing and therefore did not constitute a structural error). However, the error in this case was not the trial court's failure to comply with the statutory requirements but the court's determination, in

the absence of any relevant evidence, that defendant was not indigent and therefore not entitled to appointed counsel.

¶ 39    The State maintains that since defendant was represented by counsel at every stage of the proceedings, there was no complete denial of counsel and therefore no structural error. In *MacTaggart*, the reviewing court rejected that argument as follows:

>    "Although MacTaggart was able to secure private counsel based on an assignment of the bond to the attorney, we consider denial of the appointment of the public defender was improper and violated his right to counsel." *MacTaggart*, 2019 IL App (3d) 160583, ¶ 18.

The court rejected the State's arguments that since the defendant obtained the money for bail, he could pay a private attorney or he could surrender himself and use the money to hire an attorney, continuing as follows:

>    "Without supporting evidence and contrary to MacTaggart's claims, the court presumed that MacTaggart's family and friends could 'extend him credit' for his attorney fees. It noted that MacTaggart had no income and did have expenses, but under the court's definition of indigent, which was 'without sufficient income or resources in which to hire an attorney,' he was not indigent. The court then determined that MacTaggart's friends and family were his resources for attorney fees." *MacTaggart*, 2019 IL App (3d) 160583, ¶ 18.

¶ 40    Similarly, in the present case, once the trial court learned that bond had been posted for defendant, and even though defendant explained that the bond funds belonged to a third party, the court made no further inquiry and discharged the public defender. By failing to ascertain

defendant's financial status before discharging the public defender, the trial court denied defendant his right to counsel. See *Abernathy*, 399 Ill. App. 3d at 430-31 (an indigent defendant has a fundamental right to have court-appointed counsel). Thus the fact that defendant was able to retain a private attorney does not preclude this court from determining that the discharge of the public defender deprived defendant of his right to counsel.

¶ 41 Like the reviewing court in *MacTaggart*, in this case, we find that the trial court committed plain error when it determined that defendant was not indigent and discharged the public defender. We further find that this error was structural and affected the integrity of the judicial system.

¶ 42                                    CONCLUSION

¶ 43 For the foregoing reasons, the judgment of the circuit court of Cook County is vacated, and the cause is remanded for a new trial.

¶ 44 Conviction vacated; cause remanded.